ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
SAPNA MEHTA (CABN 288238)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7478
    FAX: (415) 436-6748
    sapna.mehta@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE TWENTY-NINTH CIVIL JUDGE FOR WRITTEN TRIALS OF THE SUPREME TRIBUNAL OF JUSTICE OF MEXICO CITY, MEXICO IN THE MATTER OF IFM GLOBAL INFRASTRUCTURE FUND, ET AL. v. PAULO JENARO DIEZ GARGARI. | MISC. NO. 23-80084<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782** |

The United States of America, by and through its undersigned counsel, submits this Memorandum of Points and Authorities in support of its Application for Order Pursuant to 28 U.S.C. § 1782 to execute Letters of Request from judicial authorities in Mexico City, Mexico for international judicial assistance to obtain information from Google LLC ("Google"), Twitter, Inc. ("Twitter"), and Automattic Inc. ("Automattic"), witnesses in this district. The Twenty-ninth Civil Judge for Written Trials of the Supreme Tribunal of Justice of Mexico City, Mexico ("Requesting Court") has requested assistance under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") to obtain information from Google, Twitter, and Automattic for use in a civil proceeding captioned *IFM Global Infrastructure Fund, et al. v. Paulo Jenaro Diez Gargari*, Foreign Reference Number 288/2020. The United States has conferred with each of Google, Twitter, and Automattic about the request and each company has stated that it requires a subpoena before providing the information

requested by the court in Mexico. The United States thus submits an application requesting that this Court appoint Assistant United States Attorney Sapna Mehta as Commissioner to subpoena information from Google, Twitter, and Automattic to transmit to the Requesting Court.

## I. FACTUAL BACKGROUND

The Requesting Court issued Letters of Request to obtain information from Google, Twitter, and Automattic, residing in this district, for use in a case brought by IFM Global Infrastructure Fund against Paulo Jenaro Diez Gargari pending before the Honorable Jose Arutro Angel Olvera, Twenty-ninth Civil Judge for Written Trials of the Supreme Tribunal of Justice of Mexico City, Mexico. Declaration of Sapna Mehta ("Mehta Decl.") ¶ 3, Exs. 1-3. The plaintiff in that case alleges that the defendant used accounts under the names PDiezG and AurorasResearch to disseminate and promote false accusations that damaged the plaintiff's reputation. *Id.*, Ex. 1 at 8-9; Ex. 2 at 8-9; Ex. 3 at 8-9.[1] The Requesting Court seeks account information from Google, Twitter, and Automattic for analysis by an expert witness to determine whether the defendant and/or his family or close associates have created accounts "with the evident intention of passing it off as the account of the real research institute called Aurora Research or of an outside third party which makes serious publications regarding corporate and financial information of Latin America, which [the defendant] cites to 'support' his own publications." *Id.*, Ex. 1 at 15-17, 20; Ex. 2 at 15-17, 20; Ex. 3 at 15-17, 20.

The Requesting Court's requests were transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance, Washington, D.C. pursuant to the Hague Convention. *Id.*, Ex. 1 at 2; Ex. 2 at 2; Ex. 3 at 2. The requests were then transmitted to the U.S. Attorney's Office for the Northern District of California for execution in accordance with 28 C.F.R. § 0.49(c). In order to execute these requests for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

## II. ARGUMENT

United States District Courts are empowered by 28 U.S.C. § 1782 to subpoena witnesses and compel the production of documents on behalf of foreign and international tribunals. In this case, a court

---

[1] Cited page numbers reference the pages of the PDF file since the documents are not consecutively paginated.

in Mexico requests that the U.S. Department of Justice obtain information from Google, Twitter, and Automattic, which are located within the jurisdiction of this Court. For the reasons set forth below, this Court should appoint the undersigned as Commissioner to subpoena information from Google, Twitter, and Automattic on behalf of the court in Mexico.

### I.     The Hague Convention

The Hague Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague Convention, preamble. The Hague Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Convention is in force in both the United States and Mexico. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited March 22, 2023) (The Hague Convention entered into force in Mexico in 1989).

Article 10 of the Hague Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Hague Convention, art. 10. The Hague Convention further provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed," and that a "Letter of Request shall be executed expeditiously." *Id*., art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971); *see also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause") (Rodgers, J., concurring) (quoting *Medellin v. Texas*, 552 U.S. 491,

510 (2008)); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (2000)).

## II.     This Application Satisfies the Statutory Requirements of Section 1782.

The authority of this Court to order the production of evidence for use in a proceeding in a foreign country is set forth in 28 U.S.C. § 1782, which provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). "Section 1782 is the product of congressional efforts, over the span of 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241. District courts have repeatedly appointed Assistant United States Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g., In re Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007).

This Court is authorized to provide assistance to the Requesting Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any

interested person." *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998), *as amended* (July 23, 1998); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004; *see also* S. Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Each of these statutory requirements is met here. First, each of Google, Twitter, and Automattic "resides or is found in" the Northern District of California because their respective offices are in the district.[2] Google's headquarters are in Mountain View, California.[3] Twitter and Automattic's respective offices are in San Francisco, California.[4] Second, the Letters of Request were issued in connection with *IFM Global Infrastructure Fund, et al. v. Paulo Jenaro Diez Gargari*, a defamation case, and each letter explains that the requested information is needed to determine if certain information was disseminated "from devices used by the Defendant himself, or his relatives." Mehta Decl. ¶ 3, Ex. 1 at 16; Ex. 2 at 16; Ex. 3 at 16. Third, the Letters of Request reflects that it "is made by a foreign or international tribunal," namely, the Twenty-ninth Civil Judge for Written Trials of the Supreme Tribunal of Justice of Mexico City, Mexico. *Id*., Ex. 1 at 2; Ex. 2 at 2; Ex. 3 at 3. Accordingly, the request falls within the circumstances contemplated by Congress in conferring authority on federal courts to act in such matters.

### III. Discretionary Considerations Weigh in Favor of Granting the United States' Application.

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264 (citation omitted). "Section 1782 affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re Esses*, 101 F.3d 873, 876 (2d. Cir. 1996)). The Supreme Court has set forth the following discretionary factors for a district court to consider before granting a request for judicial assistance: (1) whether the person from whom discovery

---

[2] The United States requests that the Court take judicial notice of the location of their respective headquarters. *See* Fed. R. Evid. 201(b)(2).

[3] *See* https://about.google/intl/ALL_us/contact-google/ (last visited March 22, 2023)

[4] *See* https://twitter.com/en/tos (last visited March 22, 2023); https://automattic.com/contact/ (last visited March 22, 2023);

MPA ISO APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782
MISC NO. 23-80084                              5

is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome. *Intel*, 542 U.S. at 264-65. "In exercising its discretion under § 1782, the district court should be guided by the statute's 'twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)); *see also In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Germany*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the treaty and the statute envision considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity.").

All of these discretionary factors weigh in favor of assisting the Requesting Court. With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Jud. Assistance from the Dist. Ct. in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) (citations omitted); *see also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Google, Twitter, and Automattic are not parties to the proceeding and are not subject to the Requesting Court's jurisdiction because they are located in California. This factor thus weighs in favor of granting the application.

Second, there is nothing in the Letters of Request to suggest that this Court should decline to grant the application based on the nature of the Requesting Court or the character of the proceedings. Additionally, this request was initiated by the Requesting Court and not by an independent party. This demonstrates that the Requesting Court is receptive to the assistance of this Court and the second factor weighs in favor of granting this application. *See In re Svitavy*, 748 F. Supp. 2d at 527.

Third, because the requester is the presiding court in Mexico, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent the Requesting Court's discovery rules or

to thwart policies of either the United States or Mexico. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). The third *Intel* factor thus weighs in favor of granting the Requesting Court's request for judicial assistance.

Finally, the request is not unduly intrusive or burdensome. The request seeks account information from Google, Twitter, and Automattic for an expert witness to analyze and for the Requesting Court to ultimately determine if the defendant and/or his associates created accounts that the plaintiff alleges were used to disseminate and promote false accusations about the defendant. *See In re Clerici*, 481 F.3d at 1335 (declining to "address the scope" of the request in the context of the fourth *Intel* factor absent a motion by the witness to limit discovery).

- From Google, the Requesting Court seeks a) the complete name of the creator/holder of the e-mail aurorasresearchinfo@gmail.com; b) birth date of the creator/holder of the e-mail aurorasresearchinfo@gmail.com; c) sex of the creator/holder of the email aurorasresearchinfo@gmail.com; d) telephone number provided for the registration and/or creation of the email aurorasresearchinfo@gmail.com; e) history of the holders of the e-mail aurorasresearchinfo@gmail.com, including full name, birth date, telephone number and sex; f) e-mail address to recover the e-mail aurorasresearchinfo@gmail.com; g) ID of the device on which the e-mail aurorasresearchinfo@gmail.com was created; and h) history of IP addresses registered using the e-mail aurorasresearchinfo@gmail.com. Mehta Decl. ¶ 3, Ex. 1 at 15-16.
- From Twitter, the Requesting Court seeks a) information of the Twitter accounts @PDiezG and @AurorasResearch; b) history of such accounts; c) apps and devices associated to such accounts; d) history of the IP addresses registered in each account; e) registry of activities of each account; f) telephone numbers with which each account is registered; g) e-mail account of each account; h) birth date of each account; and i) all the identification information of the registry of the accounts @PDiezG and @AurorasResearch. Mehta Decl. ¶ 3, Ex. 2 at 16-17.

- From Automattic, the Requesting Court seeks a) the complete name of the creator/holder of the website https://aurorasresearch.wordpress.com/; b) telephone number provided for the registration and/or creation of the website https://aurorasresearch.wordpress.com/; c) e-mail address with which the website https://aurorasresearch.wordpress.com/ was created; d) IP address with date/time from the moment on which the website https://aurorasresearch.wordpress.com/ was created; e) physical address evidenced from the use of the website https://aurorasresearch.wordpress.com/. Mehta Decl. ¶ 3, Ex. 3 at 15.

In summary, the statutory requirements are met, and consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Requesting Court.

### III. CONCLUSION

For these reasons, the United States respectfully requests that this Court issue the accompanying Proposed Order appointing Assistant United States Attorney Sapna Mehta Commissioner for the purpose of serving subpoenas to execute the request for international judicial assistance. Attached to the accompanying Declaration of Sapna Mehta are the proposed subpoenas that this office intends to serve on Google, Twitter, and Automattic, respectively, should the Court grant the Application pursuant to 28 U.S.C. § 1782. Mehta Decl. ¶ 4, Exs. 4-6. Upon receipt, the evidence will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the Requesting Court.

DATED: March 22, 2023　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　ISMAIL J. RAMSEY
　　　　　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　　　　　*/s/ Sapna Mehta*
　　　　　　　　　　　　　　　　　　　　　　SAPNA MEHTA
　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney