# EXHIBIT 3

  

**RELACIONES EXTERIORES** | **MÉXICO**

Washington, DC.
January 23, 2023
EUA00239
Embassy file: SRE.03S.04.02/2023-018

**Ms. Jeanne Davidson,**
**Director Civil Division,**
**Office of International Judicial Assistance,**
**U.S. Department of Justice**
**1100 L Street, NW Room 8100**
**Washington, D.C. 20530.**

Dear Ms. Davidson,

Pursuant to Articles 2, 3 and 9 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, the undersigned submits the enclosed letter of request for judicial assistance from the Honorable José Arturo Ángel Olvera, Twenty-ninth Civil Judge for Written Trials of the Supreme Tribunal of Justice of Mexico City. This letter was issued as part of ordinary civil proceedings, filed by IFM Global Infrastructure Fund, and others, against Paulo Jenaro Diez Gargari, under file number 288/2020.

The Mexican Judicial Authority kindly requests assistance to obtain from the legal representative of "Automattic, Inc.", located at 330 N. Brand Boulevard, Glendale, California, 91023, a statement or report providing the following information pertaining to the website https://aurorasresearch.wordpress.com: a) Full name of the person who created/owns the website; b) Telephone number used to create the website; c) Email address used to create the website; d) IP address, including date and time, registered when the website was created; e) Physical address registered to the website.

The Honorable José Arturo Ángel Olvera, Twenty-ninth Civil Judge for Written Trials of the Supreme Tribunal of Justice of Mexico City, has provided the originals of the letter of request, which summarizes the facts in the case, together with its translation to the English language, and the related documents from the file (and one additional copy).

The Honorable José Arturo Ángel Olvera, Twenty-ninth Civil Judge for Written Trials of the Supreme Tribunal of Justice of Mexico City, assures reciprocity in analogous cases, in recognition of the assistance that the proper authorities may provide.

I thank you in advance for your kind attention to this matter.

Sincerely,

Rodrigo García Galindo
Head of the Legal Affairs Section

CIV 189-1-23-11
January 30, 2023

  

# **RELACIONES EXTERIORES** | **MÉXICO**

### **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

## **1)   Sender**

**Name:**      José Arturo Ángel Olvera, Twenty-ninth Civil Judge for Written Trials of the Supreme Tribunal of Justice of Mexico City.

**Address:**   Please forward all official communiqués to the Embassy of Mexico: 1911 Pennsylvania Ave. NW, Washington, D.C.  20006. Tel. (202) 728-1678.

## **2) Central Authority of the Requesting State**

**Name**:      Bertha Sánchez Miranda, Director of International Judicial Assistance, Office of Legal Affairs, Mexican Ministry of Foreign Affairs.

**Address**:   Plaza Juárez No. 20, 5th floor, Col. Centro, C.P. 06010, Ciudad de Mexico.

## **3)   Person to whom the executed request is to be returned:**

**Name**:      Esteban Moctezuma Barragán, Ambassador.

**Address**:   Embassy of Mexico, 1911 Pennsylvania Ave. NW, Washington DC, 20006, Suite 002, Tel. (202) 728-1678.

## **4)   Central Authority of the Requested State**

**Name**:      Jeanne Davidson, Director, Civil Division, Office of International Judicial Assistance.

**Address**:   U.S. Department of Justice, 1100 L Street, NW, Room 8100, Washington, D.C. 20530.

## **5)   In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:**

## **6)   (a) Requesting Judicial Authority (Article 3a)**



**Name:**      José Arturo Ángel Olvera, Twenty-ninth Civil Judge for Written Trials of the Supreme Tribunal of Justice of Mexico City.

**Address:**   Please forward all official communiqués to the Embassy of Mexico: 1911 Pennsylvania Ave. NW, Washington, D.C.  20006. Tel. (202) 728-1678.

  

**RELACIONES EXTERIORES** | **MÉXICO**

### (b) To the Competent Judge and/or Authority in California (Article 3a)

## 7)    Names and addresses of the parties and their representatives (Article 3b)

(a)    **Plaintiff**:

**Name**:    IFM Global Infrastructure Fund, and others.

**Address**:

(b)    **Defendants**:

**Name**:    Paulo Jenaro Diez Gargari.

**Address**:

## 8)    Nature/purpose of the proceedings and summary of the facts (Article 3c)

This letter was issued as part of ordinary civil proceedings, filed by IFM Global Infrastructure Fund, and others against Paulo Jenaro Diez Gargari, under case number 288/2020. In this case, the petitioner requests assistance to obtain from the legal representative of "Automattic, Inc.", located at 330 N. Brand Boulevard, Glendale, California, 91023, a statement or report providing the following information pertaining to the website https://aurorasresearch.wordpress.com: a) Full name of the person who created/owns the website; b) Telephone number used to create the website; c) Email address used to create the website; d) IP address, including date and time, registered when the website was created; e) Physical address registered to the website.

## 9)    Evidence to be obtained or other judicial act to be performed

The Mexican Authority kindly requests your assistance to obtain from the legal representative of "Automattic, Inc.", located at 330 N. Brand Boulevard, Glendale, California, 91023, a statement or report providing the following information pertaining to the website https://aurorasresearch.wordpress.com: a) Full name of the person who created/owns the website; b) Telephone number used to create the website; c) Email address used to create the website; d) IP address, including date and time, registered when the website was created; e) Physical address registered to the website.

## 10)    Identity and address of any person to be examined (Article 3e)

## 11)    Special methods or procedures to be followed (Article 3(I) and 9)

The Twenty-ninth Civil Judge for Written Trials of the Supreme Tribunal of Justice of

 **RELACIONES EXTERIORES** |  **MÉXICO** | 

Mexico City, requests that the international letter of request enclosed, with its translation into English, be forwarded to the proper authorities in California, with the request that the information obtained be forwarded to the U.S. Department of Justice, which shall, in turn, deliver it to this Embassy for the execution of the international request for judicial assistance.

## 12) The fees and costs incurred, which are reimbursable under the second paragraph of Article 14 of the Convention, will be borne by:

The parties: Please notify the Embassy of Mexico, at 1911 Pennsylvania Ave. NW, Washington, D.C.  20006. Tel. (202) 728-1678, of any fee and/or costs incurred.

### Reciprocity

The Honorable José Arturo Ángel Olvera, Twenty-ninth Civil Judge for Written Trials of the Supreme Tribunal of Justice of Mexico City, assures reciprocity in analogous cases, in recognition of the judicial assistance provided.

Signed in Washington, D.C., on January 23, 2023.

Rodrigo García Galindo
Head of the Legal Affairs Section

## COMISION ROGATORIA

### LETTER OF REQUEST

### COMMISSION ROGATOIRE

### Convenio de 18 de marzo de 1970

### sobre la Obtención de Pruebas en el Extranjero en Materia Civil o Comercial

Hague Convention of 18 March 1970 on the

Taking of Evidence Abroad in Civil or Commercial Matters

Convention de La Haye du 18 mars 1970 sur

l'obtention des preuves à l'étranger en matière civile ou commerciale

| 1. | **Remitente** <br><br> *Sender* <br><br> *Expéditeur* | Twenty Ninth Civil Judge of Written Process of the Superior Court of Justice of Mexico City; with address located at Avenida Niños Héroes 132, Floor 5, Colonia Doctores, Zip Code 06720, Alcaldía Cuauhtémoc, Mexico City, Mexico; Telephone; 55-9156-4997; Email: jose.degyves@tsjcdmx.gob.mx |
|---|---|---|
| 2. | **Autoridad Central del Estado requerido** <br><br> *Central Authority of the Requested State* <br><br> *Autorité centrale de l'État requis* | Central Authority of the United States of America: Office of International Judicial Assistance of the Department of Justice of the United States of America |
| 3. | **Persona/autoridad judicial a la que debe retornarse la solicitud una vez ejecutada** <br><br> *Person to whom the executed request is to be returned* <br><br> *Personne à qui les pièces constatant l'exécution de la demande doivent être renvoyées* | General Directorate of Legal Affairs of the Ministry of Foreign Affairs; with address at Avenida Juárez 20, Plaza Juárez, Colonia Centro, Postal Code 06010, Alcaldía Cuauhtémoc, Mexico City, Mexico; Telephone: 55-3686-5100; E-mail: dgajuridicos@sre.gob.mx |
| 4. | **Especificación de la fecha en la que la autoridad requirente precisa acuse de recibo de la solicitud enviada** <br><br> *Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request* <br><br> *Indiquer la date limite à laquelle l'autorité requérante désire recevoir la réponse à la commission rogatoire* | |
| | **Fecha límite** <br><br> *Date* <br><br> *Date limite* | January 30, 2023. |
| | **Justificación de la urgencia** <br><br> *Reason for urgency* <br><br> *Raison de l'urgence* | Justify reasons for urgency. Omit this field if not applicable. **NOT APPLICABLE.** |

GERALDINA CHÁVEZ LOZANO
AUTHORIZED BY THE MEXICAN
CERTIFIED TRANSLATOR
P. 0193-2021
FEDERAL JUDICIARY COUNCIL

**De conformidad con el artículo 3 del Convenio, la autoridad abajo firmante tiene el honor de remitir la siguiente solicitud**

*In conformity with Article 3 of the Convention, the undersigned applicant has the honour to submit the following request:*

*En conformité de l'article 3 de la Convention, le requérant soussigné a l'honneur de présenter la demande suivante :*

| | | |
|---|---|---|
| **5. a** | **Autoridad requirente (Art. 3(a))** *Requesting authority (Art. 3(a))* *Autorité requérante (art. 3(a))* | Twenty Ninth Civil Judge of Written Process of the Superior Court of Justice of Mexico City; with address located at Av Niños Héroes 132, Piso 5, Colonia Doctores, Zip Code 06720, Alcaldía Cuauhtémoc, Mexico City, Mexico; Telephone: 55-9156-4997; Email: jose.degyves@tsjcdmx.gob.mx |
| **b** | **Para la autoridad competente de (Art. 3(a))** *To the Competent Authority of (Art. 3(a))* *A l'autorité compétente de (art. 3(a))* | Central Authority of the United States of America: Office of International Legal Assistance of the United States Department of Justice. |
| **c** | **Tipo y número de procedimiento judicial** *Names of the case and any identifying number* *Nom de l'affaire et le numéro d'identification de l'affaire* | Procedure: Ordinary Civil Procedure; File Number: 288/2020; Judicial authority: Twenty Ninth Civil Judge of Written Process of the Superior Court of Justice of Mexico City. |

| | | |
|---|---|---|
| **6.** | **Nombres y direcciones de las partes y sus representantes (incluyendo los representantes que hubiere en el Estado de ejecución) (Art. 3(b))** *Names and addresses of the parties and their representatives (including representatives in the Requested State) (Art. 3(b))* *Identité et adresse des parties et de leurs représentants (y compris representants dans l'État requis) (art. 3(b))* | |
| **a** | **Demandante** *Plaintiff* *Demandeur* | (i) IFM GLOBAL INFRASTRUCTURE FUND, through its Trustee CONYERS TRUST COMPANY (CAYMAN) LIMITED; and; (ii) IFM INVESTORS PTY LTD; both with address located at Av. Boulevard Manuel Ávila Camacho 32, Piso 11, Torre Esmeralda III", Colonia Lomas de Chapultepec, Zip Code 11000, Alcaldía Miguel Hidalgo, Mexico City, Mexico. |

| | | | |
|---|---|---|---|
| | **Representantes** | Alonso Rivera Gaxiola; Alejandro del Castillo Ramírez; Carolina Medina Gómez; Diego Roberto Espinosa Arzani; Paulo Esteban Arroyo Calderón; Daniel Ávila Monroy; all with address located at Av. Boulevard Manuel Ávila Camacho 32, Floor 11, "Torre Esmeralda III", Colonia Lomas de Chapultepec, Zip Code 11000, Alcaldía Miguel Hidalgo, Mexico City, Mexico. | |
| | *Representatives* | | |
| | *Représentants* | | |
| b | **Demandado** | Paulo Jenaro Díez Gargari; with address located at Av. Juan Salvador Agraz 73, Piso 17, Colonia Santa Fe, Zip Code 05348, Alcaldía Cuajimalpa de Morelos, Mexico City, Mexico. | |
| | *Defendant* | | |
| | *Défendeur* | | |
| | **Representantes** | Carlos David Villasante Santoyo; with address located at Av. Juan Salvador Agraz 73, 17th floor, Colonia Santa Fe, Zip Code 05348, Alcaldía Cuajimalpa de Morelos, Mexico City, Mexico. | |
| | *Representatives* | | |
| | *Représentants* | | |
| c | **Otros intervinientes** | Complete(if applicable) name and addresses of other possible parties or intervening parties to the proceeding (e.g. third party in interest) **NOT APPLICABLE.** | |
| | *Other parties* | | |
| | *Autres parties* | | |
| | **Representantes** | Complete(if applicable) name and addresses of other possible parties or intervening parties. **NOT APPLICABLE.** | |
| | *Representatives* | | |
| | *Représentants* | | |

| | | |
|---|---|---|
| **7. a** | **Naturaleza del procedimiento (divorcio, reclamación de paternidad, Incumplimiento contractual, responsabilidad por los daños causados por productos defectuosos etc.) (Art. 3(c))** | Procedure: Ordinary Civil Procedure; Class of Action: Civil non-pecuniary damage liability; Legal Basis: Article 1916 of the Civil Code for the Federal District, Law of Civil Liability for the Protection of the Right to Privacy, Honor and Self-Image in the Federal District. |
| | *Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Art. 3(c))* | |
| | *Nature et objet de l'instance (divorce, filiation, rupture de contrat, responsabilité du fait des produits, etc.) (art. 3(c))* | |
| b | **Resumen de la solicitud** | Ordinary Civil Procedure in which the plaintiff alleges that damage has been caused to his honor and reputation -non-pecuniary damage- since the defendant, among other acts, has published multiple tweets mentioning her through her personal Twitter account @PDiezG and through another account that she says is manipulated by the defendant @AurorasResearch, using both accounts as an attack weapon against him -conduct known as weaponizing- which, according to the plaintiff, constitutes an unlawful conduct that causes a non-pecuniary damage. The relief sought is the following: |
| | *Summary of complaint* | |
| | *Exposé sommaire de la demande* | |

a) Plaintiff seeks for a judicial declaration asserting that Paulo Jenaro Díez Gargari incurred in diverse illegal conducts that damaged IFM's non-material wealth, injuring its personality rights, including but not limited to honor, reputation, and the opinion that others have of this entity. These conducts will be further explained below.

b) Plaintiff seeks for a judicial declaration asserting that Paulo Jenaro Díez Gargari 's false accusations against IFM, regarding the commission of diverse acts against legal provisions of our country –that are even considered as crimes–, constitute illegal acts that lack of any grounds and were disseminated through diverse mass media –specifically by means of the digital platform or social network known as Twitter–, with the sole purpose of damaging IFM's reputation.

c) Plaintiff seeks for a judicial declaration asserting that the false accusations against IFM disseminated by Paulo Jenaro Díez Gargari through Twitter, derive in civil liability in charge of Paulo Jenaro Díez Gargari due to the damages caused to the non-material wealth of such entity.

d) Plaintiff seeks for a judicial declaration attributing Paulo Jenaro Díez Gargari liability for the damage caused to IFM's non-material wealth, due to a public imputation of illegal conducts, even some of them deemed as crimes, knowing that such assertions are false and with the purpose of damaging IFM's personality rights, such as honor and reputation, as well as the opinion that others have of this entity.

e) As a consequence of the above, Plaintiff seeks for a mandatory injunction for the Defendant to repair the non-material damage caused to IFM, as an immediate and direct consequence of the illegal acts of Paulo Jenaro Díez Gargari, by publishing the final judgment of this procedure in favor of IFM at Defendant's expense, through the same media and formats in which the imputations, crimes or illegal conducts were disseminated causing damages to IFM's reputation, including on the website with the domain https://aurorasresearch.wordpress.com/ and on the Twitter account @AurorasResearch –which as will be proved in this trial, the person who manipulates its content and publications is Paulo Jenaro Díez Gargari or his son per Defendant's instructions –, as well as by sending letters that the Defendant must deliver, through which he transmits the respective judgment and retracts from the smears on IFM.

In the same way, the Defendant shall publish and disseminate the judgment that will be issued in this trial in his personal Twitter account -@PDiezG- as well as in the account @AurorasResearch.

In addition, the Defendant shall publish and disseminate the judgement issued in this procedure in the same media in which he published false information regarding IFM.

The above, for the purpose of compensating and/or repairing effectively the damage caused in IFM's non material wealth, pursuant to article 39 of the Federal District Civil Liability Privacy Protection Law (Ley de Responsabilidad Civil para la Protección del Derecho a la Vida Privada, el Honor y la Propia Imagen en el Distrito Federal) .

f) As a consequence of the above, Plaintiff seeks for an injunction for Paulo Jenaro Díez Gargari, to refrain from further offend the honor and reputation of IFM, ordering that Paulo

Jenaro Díez Gargari refrains from disseminating and publishing imputation of crimes or illegal conducts prejudicing IFM through any media, whether mass media or not, including any internet platform –*among them Twitter, whether on its personal account or by means of third parties*- as long as there is no final judgment issued by the competent authority condemning the Plaintiffs for committing any crime.

g) Plaintiff seeks for an injunction for Paulo Jenaro Díez Gargari to refrain from disclosing and publishing crime accusations and illegal conducts imputations regarding IFM, through the website https://aurorasresearch.wordpress.com/ and the Twitter account @AurorasResearch, as well as refrain from disclosing notes published in both media, as long as there is no definitive judgment issued by the competent authority condemning the Plaintiffs for committing any crime.

h) In connection with the compensation of the non-material damage caused to IFM, Plaintiffs recognize that, in accordance with the last paragraph of Article 1916 of the Civil Code for the Federal District (currently Mexico City), related with the provisions of Article 41 of the Federal District Civil Liability Privacy Protection Law, as well as Article 63, paragraph 1, of the American Convention on Human Rights, they are entitled to receive full economic compensation derived from the injury to their non-material wealth caused by the Defendant; nevertheless, as it will be described below, the parties represent only seek the cessation of the illegal acts perpetrated by Paulo Jenaro Díez Gargari against them, through which their honor, image and reputation are affected, as well as the rectification of these acts through the publication of the judgement that will be issued, in the same media in which he disseminates the defamatory publications that he makes regarding IFM.

i) Plaintiff seeks for payment of judicial expenses and fees derived from this procedure.

| c | Resumen de la contestación y demanda reconvencional<br><br>*Summary of defence and counterclaim**<br><br>*Expose sommaire de la défense ou demande reconventionnelle* | The statement of defense is divided into several chapters, among which are included: i) response to the relief sought, ii) exordium, iii) legal context, iv) response to the facts, which is divided into a) factual context and b) response to the facts, v) defenses, vi) award of costs and expenses, vii) objection to documents, viii) response to the law, and ix) a request for documents.<br><br>**Response to the relief sought.**<br><br>In this section, the defendant denies the relief sought claimed. Particularly, it refers that IFM GLOBAL INFRASTRUCTURE FUND ("IFM GIF") lacks legal personality and therefore does not have non-material wealth susceptible of being affected nor is holder of any fundamental rights, IFM INVESTORS PTY LTD ("IFM Pty" and together with IFM GIF "IFM") lacks legal standing in the cause since Paulo Jenaro Díez Gargari has never referred to it in his publications, his publications and expressions are constitutionally and conventionally protected within the framework of freedom of expression and access to information, his conduct is lawful and promotes public debate on a topic of general interest, and the plaintiffs did not prove the damage caused, among other matters.<br><br>Mainly, Paulo Jenaro Díez Gargari refers that the plaintiffs are unable to demonstrate that their expressions about IFM and |

Aleatica, S.A.B. de C.V. ("Aleatica") are false and that the imputations were made with the sole purpose of damaging their reputation.

It should be noted that Paulo Jenaro Díez Gargari expressly states that in his publications he refers to IFM GIF, and only to IFM Pty regarding the collection of commissions from its clients. Likewise, he refers that his publications are made to avoid corruption, abuse, and impunity, and to demand that the relevant authority fulfills its duties.

**Preamble**

In this section, the Defendant states that its publications were issued based on a rigorous and diligent analysis of the available information and meet the criteria of truthfulness established by the Supreme Court of Justice, and has generated a democratic dialogue, rendering a good service to the Republic. He also refers that Aleatica and IFM have sought to silence him for years. What is important in this chapter is that Paulo Jenaro Díez Gargari offers to "settle" the lawsuit, to publicly acknowledging his error and not to deal again with matters related to Aleatica or IFM, if the plaintiffs prove several points related to the OPAS and the concessions on the bicentennial viaduct and the outer circuit of Mexico City.

**Legal Context**

In this chapter, Paulo Jenaro Díez Gargari sets out what he considers to be the legal framework applicable to this controversy, describing the conventional and Mexican guidelines that regulate all aspects of the right to freedom of expression and information, its limits, the preponderance of these rights over others, among other issues.

What the defendant intends with this chapter is to justify that their publications and expressions are protected by the resolutions of the Supreme Court of Justice and the Inter-American Court of Human Rights, arguing that the plaintiffs are persons with public projection for being linked to issues of public interest (infrastructure and concessions that concern to all Mexicans, as well as corruption), and therefore, they shall endure the attacks to its honor and reputation, which, in his opinion, justifies his expressions and places the burden of proof on the plaintiffs to prove that there was actual malice in their actions, that is, that the publications were made knowingly that the information disseminated was false, and was made with the sole intention of harming the plaintiffs, which in their opinion was not and will not be proven. Likewise, he refers that his expressions are protected since they are the result of a diligent investigation, and therefore meet the criterion of truthfulness that the Supreme Court of Justice has established to grant protection to the expressions.

On the other hand, Paulo Jenaro Díez Gargari states that freedom of expression implies the possibility of making strong criticisms despite the fact that they may annoy the addressee, and that only absolutely vexatious expressions (offensive and impertinent) are those that are outside the constitutional and conventional protection. In his opinion, the publications in question do not have these characteristics, and are therefore protected.

To support his claim, the respondent cites diverse judgements and judicial criteria from the Inter-American Court of Human Rights and the Supreme Court of Justice, mostly related to

cases involving disputes between journalists or the media and public officials.

Finally, Paulo Jenaro Díez Gargari states that, if the action is declared admissible, the only way to compensate the damage caused to the plaintiffs is through the right of rectification or reply (requesting the correction of the information published in the same media in which it was disseminated), as this is the privileged form of compensation according to the criteria of the Inter-American Court of Human Rights.

**Response to the facts**

**Factual Context**

In this chapter, Paulo Jenaro Díez Gargari provides "the version of his facts", in order to inform the judge of the context in which he makes his publications, and which "justifies" them. The defendant tells who he is, Infraiber, who IFM GIF and IFM Pty are (and apparently dominates and perfectly knows their corporate structure and activities) being in this part in which he links IFM with Aleatica and other subsidiaries. From there, he begins to make statements regarding the Australian Parliament and the alleged investigation of IFM, about who Aleatica is, the Circuito Exterior Mexiquense and all the alleged irregularities related to it, referring to Infraiber and the loss of its concession. He refers to the Amozoc- Perote highway, referring that the Ministry of Public Function ("Secretaría de la Función Pública") recommended revoking the concession granted to GANA in its 2019 audit report. It also refers to the Viaducto Bicentenario and the alleged irregularities in the operation by VBSA.

It is important to mention that the defendant expressly refers that the cause of the dispute derives from the Aleatica-Infraiber relationship, and describes how, in "collusion with the government of the State of Mexico," Infraiber was prevented from installing its system in the Circuito Exterior Mexiquense.

Finally, Paulo Jenaro Diez Gargari describes what he calls "the stock market scam" related to the purchase of Aleatica's shares by IFM GIF and ends by describing the "campaign of harassment and persecution" conducted by the State and Aleatica against the defendant and Infraiber.

**Response to the facts**

In this section, Paulo Jenaro Díez Gargari justifies each of his publications that are the subject matter of the complaint, stating that they are opinions, not information, and that assuming without conceding that they are factual allegations, they are supported by documents and true information, proving his diligent and impartial investigation, which means that his publications are protected. It is important to note that the defendant does not deny the existence of the publications, but only denies that they are false, arguing that they are supported by resolutions of authorities, and intends to place the burden of proof on the plaintiffs, so that they prove the falsehood thereof.

Likewise, Paulo Jenaro Díez Gargari pretends to "contextualize" the publications with "objective and easily verifiable" facts and evidence, stating that there is irrefutable documentary evidence to support them and referring to all the facts mentioned in the "Factual Context section".

Regarding the letters addressed to diverse authorities, he refers that they are the product of a "serious and diligent analysis of all the available information". Likewise, he pretends to support his statements with the fact that several authorities have pointed out Aleatica's corruption, and precisely because they have not said that Paulo Jenaro Díez Gargari's analysis is incorrect, therefore, it is. In addition, he pretends to justify his statements with the fact that, as a good citizen, he is demanding that the authorities comply with their duties.

**Defenses**

The following is a brief description of the defendant's main procedural defenses:

**IFM GIF's lack of legal personality.**

Through the aforementioned defense, Paulo Jenaro Díez Gargari points out that only individuals have the right to honor, so IFM GIF, being a trust, lacks legal personality and therefore lacks any attribute or right to personality.

**IFM Pty's lack of substantive legal standing.**

Paulo Jenaro Díez Gargari states that IFM Pty has not been affected by his statements since he has never referred to IFM Pty in particular, but only to IFM GIF.

**Paulo Díez's lack of procedural legal standing.**

The Defendant states that there are certain publications that he did not write, edit or publish, and denies authorship of the website https://aurorasresearch.wordpress.com and the social network account @AurorasResearch.

**Motion to dismiss for no right of action based on the fact that the conduct of PJDG was lawful as he legitimately exercised his right to freedom of expression.**

In this section, the defendant seeks to justify his expressions by arguing that they were made within his right of freedom of expression, and that according to the Federal Criminal Code, the exercise of the right to freedom of expression is a cause of justification for intervening in the legal rights of others. Likewise, he reiterates the arguments set forth in the "Legal Context" chapter, particularly, he refers that his messages are only opinions which are constitutionally and conventionally protected.

**Motion to dismiss for no right of action based on the fact that Paulo Jenaro Díez Gargari's action was lawful.**

The Defendant asserts that he has acted lawfully, and therefore his conduct does not merit liability. Likewise, he insists that his statements are truthful since they are based on investigations and/or resolutions issued by competent authorities. He reiterates that his statements are made in strict compliance with a legal duty. To support the latter, Paulo Jenaro Díez Gargari cites several precepts of the National Code of Criminal Procedures that "oblige" him to denounce facts that probably constitute crimes, likewise, he refers that, in case of not making such denunciations, he could incur in the crime of concealment. In addition, it acknowledges that it has filed multiple complaints against the plaintiffs and their subsidiaries for the possible commission of financial and

federal crimes before the Attorney General's Office of the Republic.

**Motion to dismiss for no right of action because the conduct of PJDG is lawful.**

In this defense, the defendant claims that the exercise of its freedom of expression is aimed at avoiding harm to the community, an objective that is above IFM's personality rights. The interest of the general public in not defrauding the investing public prevails over IFM's rights.

**Motion to dismiss for no right of action because PJDG did not act with the intention of causing harm to IFM, but to produce an objective benefit to the population.**

Paulo Jenaro Díez Gargari states that with his publications he does not seek to cause any kind of damage to the plaintiffs, but rather that their ultimate purpose is to alert the users of the Mexico City external circuit about the lack of justification of the high tariff they pay, to alert the investing public of the irregularities as a consequence of the "stock market scam", to remedy the deception suffered by the investors in the stock market, among others. In this sense, under his assessment, the possible generation of objective and general benefits excludes that Paulo Jenaro Díez Gargari has made an abusive exercise of his right to freedom of expression.

**Motion to dismiss based on the fact that the statements made by Paulo Jenaro Díez Gargari are protected by freedom of expression given that they refer to persons of public projection and deal with matters of general interest, in addition to the fact that IFM did not comply with the standard of actual malice.**

The messages that refer to persons with public projection or deal with matters of public relevance and general interest reach the highest degree of protection and individuals voluntarily involved in public affairs (which in his opinion is IFM) shall have a higher degree of tolerate to criticism. In this scenario, in order for a person to be sanctioned for his expressions, the affected party must prove actual malice, the intention to cause damage, which in the opinion of the defendant, is not evidenced by IFM, which is why the relief sought.

**Exceptio veritatis.**

Paulo Jenaro Díez Gargari claims that the information he transmits is truthful and is supported by a diligent research. All the allegations made against IFM are true given that they are derived from public documents published by the plaintiffs and have been confirmed by various governmental bodies.

**Lack of proof of damage to the non-material wealth of IFM Pty.**

The defendant refers that IFM must necessarily prove that his expressions damaged his honor that materializes in a pecuniary consequence, so he had to narrate the injuries that were caused in his patrimonial sphere. In support of the foregoing, he cites several judicial criteria referring to civil actions for damages and loss profits.

|  |  | **Lack of action derived from the absence of causality between the conduct of Paulo Jenaro Díez Gargari and the damage suffered by IFM.**<br><br>Paulo Jenaro Díez Gargari states that the non-material damage caused to the plaintiffs is not a direct and immediate consequence of the defendant's actions, but on the contrary, the negative image by third parties is a consequence of its irregular conduct deployed by IFM since it acquired Aleatica and its subsidiaries.<br><br>**Defense derived from the fact that the only sanction that would be applicable would be to allow IFM to exercise its right of reply.**<br><br>Based on the conventional legal framework, the defendant claims that if the action brought against it were to be declared grounded, the judgement imposed against it could only consist of allowing IFM to exercise its right of reply, which, in its opinion, has already been exercised by the plaintiffs through the creation of the Twitter account @RGCyKComLegal, since they have been replying to the messages published by the defendant.<br><br>**Attorney's fees and expenses**<br><br>The defendant requests that the plaintiffs be ordered to pay the attorney's fees and expenses generated by the procedure, given that in his opinion, the conduct of the plaintiffs is reckless or malicious, which is the basis for the conviction in terms of the provisions of the local procedural code. |
|---|---|---|
| **d** | **Otra información necesaria o documentos**<br><br><br>*Other necessary information or documents\**<br><br><br><br>*Autres renseignements ou documents Utiles* | (i) Initial Complaint writ dated August 3, 2020; (ii) Court Resolution admitting the complaint dated August 12, 2020; (iii) Motion for the offering of evidence dated March 1, 2021; (iv) Court Resolution of admitting Evidence dated May 17, 2021; (v) Court Resolution admitting Expert Evidence in IT matters dated June 7, 2021; (vi) Court Resolution whereby the IT Expert accepts his appointment and declares under affirmation his diligent performance of duties dated June 23, 2021; (vii) Written Request for Information of IT Expert dated September 27, 2022. (viii) Court Order for the processing of International Letters Rogatory dated November 29, 2022. |

| **8. a** | **Prueba a practicar o cualquier otra actuación procesal que deba ejecutarse**<br><br><br>*Evidence to be obtained or other judicial act to be performed (Art. 3(d))*<br><br><br>*Actes d'instruction ou autres actes judiciaires à accomplir (art. 3(d))* | Notice addressed to Automattic Inc. with address in 330 N Brand Blvd. Glendale, California 91023-2336, addressing the request to CT Corporation System for it to provide the following information and documents:<br><br>a) The complete name of the creator/holder of the website https://aurorasresearch.wordpress.com/.<br><br>b) Telephone number provided for the registration and/or creation of the website https://aurorasresearch.wordpress.com/.<br><br>c)E-mail address with which the website https://aurorasresearch.wordpress.com/ was created.<br><br>d) IP address with date/time from the moment on which the website https://aurorasresearch.wordpress.com/ was created.<br><br>e) Physical address evidenced from the use of the website https://aurorasresearch.wordpress.com/ |
|---|---|---|

| | | |
|---|---|---|
| b | **Finalidad de la prueba o actuación procesal interesado** | This evidence will prove that the Respondent's Twitter account, @PDiezG, is one of those considered as weaponizing, with which he intends to inflict damage to the honor and reputation of IFM, having full knowledge of the falseness of the information he publishes or "disclaims" to the general public, simulating a broad base of followers to "enhance" the importance and credibility of his account, pretending to profile itself as a source of relevant information, which it is not -so much so, that it has had to resort to "traps" or artifices such as the so-called bots-, since it has dedicated itself to disseminate false or manipulated information, using its Twitter account as a weapon of attack against the Plaintiffs. |
| | *Purpose of the evidence or judicial act sought* | |
| | *But des actes à accomplir* | |
| | | Likewise, it is offered to prove that Mr. Paulo Jenaro Díez Gargari and/or his family or close associates have created the Twitter account called "@AurorasResearch" with the evident intention of passing it off as the account of the real research institute called Aurora Research or of an outside third party, which makes serious publications regarding corporate and financial information of Latin America, which he cites to "support" his own publications, pretending that with this they acquire a greater impact, especially in an international level. |
| | | Likewise, it will be proven that Mr. Paulo Jenaro Diez Gargari and/or his family or close associates have created the web page and/or blog https://aurorasresearch.wordpress.com/ with the evident intention of making believe that it is a real research institute that makes serious publications regarding corporate and financial information of Latin America, in order to "sustain" the illegal accusations made against the Plaintiffs and to have a greater impact, especially at an international level or in the international sphere. |
| | | In that sense, it will be proven that there are technological elements evidencing that such simulation is generated from devices used by the Defendant himself, or his relatives, and the close relationship of publication of each of the tweets that the Defendant publishes from his account or from the satellite accounts that he created for that purpose, as will be demonstrated through this evidence. |
| 9. | **Identidad y dirección de las personas que deban ser oídas** | Automattic Inc. with address in 330 N Brand Blvd. Glendale, California 91023-2336, USA, through CT Corporation System |
| | *Identity and address of any person to be examined* | |
| | *(Art. 3(e))\** | |
| | *Identité et adresse des personnes à entendre (art. 3(e))* | |
| 10. | **Preguntas a practicar a la persona que debe ser oída o hechos por los que esta persona debe declarar.** | a) The complete name of the creator/holder of the website https://aurorasresearch.wordpress.com/. |
| | | b) Telephone number provided for the registration and/or creation of the website https://aurorasresearch.wordpress.com/. |
| | *Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Art. 3(f))\** | c)E-mail address with which the website https://aurorasresearch.wordpress.com/ was created. |

| | | d) IP address with date/time from the moment on which the website https://aurorasresearch.wordpress.com/ was created, |
|---|---|---|
| | *Questions à poser ou faits sur lesquels les personnes susvisées doivent être entendues (art. 3(f))* | e) Physical address evidenced from the use of the website https://aurorasresearch.wordpress.com/ |
| 11. | **Documentos o propiedades que deban examinarse** <br><br> *Documents or other property to be inspected (Art. 3(g))\** <br><br> *Documents ou objets à examiner (art. 3(g))* | Insert description of documents or other property Insert description of documents, real estate or properties to be examined (omit if not applicable). NOT APPLICABLE. |
| 12. | **Requisito procesal en el que debe prestarse el juramento, declaración o cualquier otra forma especial que deba llevarse a cabo** <br><br> *Any requirement that the evidence be given on oath or affirmation and any special form to be used (Art. 3(h))\** <br><br> *Demande de recevoir la déposition sous serment ou avec affirmation et, le cas échéant, indication de la formule à utiliser (art. 3(h))* | Notice addressed to Automattic Inc. with address in 330 N Brand Blvd. Glendale, California 91023-2336, addressing the request to CT Corporation System for it to provide the following information and documents: <br><br> a) The complete name of the creator/holder of the website https://aurorasresearch.wordpress.com/. <br><br> b) Telephone number provided for the registration and/or creation of the website https://aurorasresearch.wordpress.com/. <br><br> c)E-mail address with which the website https://aurorasresearch.wordpress.com/ was created. <br><br> d) IP address with date/time from the moment on which the website https://aurorasresearch.wordpress.com/ was created. <br><br> e) Physical address evidenced from the use of the website https://aurorasresearch.wordpress.com/ |
| 13. | **Métodos de práctica particulares o procedimientos a seguir (ejemplo, verbal o escrita, transcripción literal o resumida, interrogatorio, etc.) (Arts 3(i) y 9)\** <br><br> *Special methods or procedure to be followed (e.g., oral or in writing, verbatim transcript or summary, cross-examination, etc.) (Arts 3(i) and 9)\** <br><br> *Formes spéciales demandées (déposition orale ou écrite, procès-* | Written report |

AUTHORIZED BY THE MEXICAN

GERALDINA CHÁVEZ LOZANO

CERTIFIED TRANSLATOR P. 0193 2021

FEDERAL JUDICIARY COUNCIL

| | | |
|---|---|---|
| | *verbal sommaire ou intégral, "cross-examination", etc.) (art. 3(i) et 9)* | |
| 14. | **Necesidad de notificación de lugar y tiempo de práctica de la prueba e identidad y dirección de la persona a la que notificar (art. 7)*** <br><br> *Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Art. 7)*** <br><br> *Demande de notification de la date et du tieu de l'exécution de la requête, de l'identité et de l'adresse de la ou des personnes à informer (art. 7)* | In the event that the parties or their representatives will attend the production of the evidence (in person or by videoconference), specify the name and address of the persons to be notified for the production of the evidence (e.g., it may be the parties or their representatives, or even the requesting authority). Omit if not applicable. NOT APPLICABLE. |
| 15. | **Solicitud de asistencia o participación de autoridad judicial procedente de la autoridad requirente para la ejecución de la comisión rogatoria.** <br><br> *Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Art. 8)*** <br><br> *Demande d'assistance ou de participation des magistrats de l'autorité requérante à l'exécution de la commission rogatoire (art. 8)* | If it is considered necessary that the judicial authority of the requesting authority attends, either in person or by any telematic means, please insert the request for authorization. NOT APPLICABLE. |
| 16. | **Especificación de alguna dispensa o prohibición de declarar previstas en la legislación del Estado requirente.** <br><br> *Specification of privilege or duty to refuse to give evidence under the law of the Requesting State (Art. 11(b))*** <br><br> *Spécification des dispenses ou interdictions de déposer prévues par la loi de l'État requérant (art. 11(b))* | Specify the existence of any waiver or prohibition to testify under the law of the requesting State that may be claimed by the witness. NOT APPLICABLE. |



| 17. | Las costas y gastos en que se haya incurrido y que son reembolsables conforme el párrafo segundo del artículo 14 o conforme el artículo 26 de la Convención serán soportadas por: | (i) IFM GLOBAL INFRASTRUCTURE FUND, acting through its Trustee CONYERS TRUST COMPANY (CAYMAN) LIMITED, and ; (ii) IFM INVESTORS PTY LTD ; both with address in Avenida Boulevard Manuel Avila Camacho 32, Floor11, "Torre Esmeralda III", Colonia Lomas de Chapultepec, Zip Code 11000, Alcaldía Miguel Hidalgo, Mexico City, Mexico. |
| | *The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:** | |
| | *Les taxes et frais donnant lieu à remboursement en vertu de l'article 14, alinea 2 et de l'article 26 seront réglés par* | |

| Date of request | November 30, 2022. |
| *Date de la requête* | |
| Signature and seal of the requesting authority | |
| *Signature et sceau de l'autorité requérante* | |

***Omitir si no procede/** Omit if not applicable / Ne remplir qu'en cas de nécessité*

JUZGADO VIGÉSIMO NOVENO DE LO CIVIL DE PROCESO ESCRITO



AUTHORIZED BY THE MEXICAN FEDERAL JUDICIARY COUNCIL
GERALDINA CHÁVEZ LOZANO
CERTIFIED TRANSLATOR
P. 0193-2021

------------------------------------------INTERNATIONAL LETTER ROGATORY----------------
**I, MR. JOSÉ ARTURO ÁNGEL OLVERA, NINTETY-NINTH JUDGE ON CIVIL MATTERS IN MEXICO CITY, AM VERY HONORED TO SEND THIS LETTER TO YOU, COMPETENT JUDGE IN THE CITY OF CALIFORNIA, UNITED STATES OF AMERICA.------------------------------------------------------------------------------------------------**

------------------------------------------I HEREBY INFORM YOU----------------------------------
**That in the court records of the ORDINARY CIVIL PROCEDURE filed by IFM GLOBAL INFRASTRUCTURE FUND AND OTHERS against PAULO JENARO DÍEZ GARGARI with file number 288/2020, Court Clerk Office "B" before the TWENTY-NINTH COURT ON CIVIL MATTERS IN MEXICO CITY, IN AV. NIÑOS HÉROES NUMBER 132, FLOOR 5, COLONIA DOCTORES, ALCALDÍA CUAHTÉMOC, ZIP CODE 06720, MEXICO CITY, the following court orders have been issued:** [appears stamp of the Twenty-

---**In Mexico City, November twenty-one two thousand twenty two**. ---In the court records ninth Court on the writ filed by Mr. JOSE ANTONIO GARCÍA CRUZ, acting as expert in information Civil matters in technology appointed by the PLAINTIFF, is hereby acknowledged to have made his statements Mexico City] and, consequently, as it is appropriate at this procedural stage considering that, through court orders issued on May seventeen and June seven, both of two thousand twenty-one, the EXPERT EVIDENCE ON INFORMATION TECHNNOLOGY offered by the PLAINTIFF was admitted, because such evidence seeks to prove that the Twitter account of the defendant @PDiezG is a weaponizing account, which intends to injure the honor and reputation of the plaintiff, and that, through court orders issued on June twenty-three, August twenty-seven and November ten, all of them of twenty thousand twenty-one, diverse processes seeking to obtain the required elements for the production of such evidence were ordered, which as of this date, such information and documents required for the expert analysis submitted by the plaintiff have not been yet recorded in the file, and because the abovementioned evidence was admitted in the terms specified by the plaintiff in its motion for the offering of evidence dated March one, two thousand twenty-one, this is, in the understanding that the experts appointed by the parties and, if applicable, the one appointed by the judge, shall file their opinion prior analysis and inspection of (i) the content of the Twitter account "@PDiezG" and its publications, from its creation and until the date on which the opinion is prepared; (ii) the content of the Twitter account "@AurorasResearch" from its creation and until the date on which the opinion is prepared; (iii) the content of the website and/or block (*sic*) https://aurorasresearch.wordpress.com/; (iv) the report and/or technical study of the account @AurorasResearch prepared and issued on July thirty-on, two thousand twenty by the expert Víctor Jorge Salamanca Silva, and (v) the publications described in the initial complaint writ, which are reproduced in the public instruments identified by the PLAINTIFF in such writ, in addition to the fact that, pursuant to articles 279 and 289 of the Code for Civil Procedures for the Federal District, the undersigned is entitled to order, at any time, the conduction or extension of any evidence process, to the extent it is appropriate to know the true of the disputed matters, with the only limit that, in conducting these processes, the procedural equality of the parties is protected, which is supported by the precedent named: "EXPERT EVIDENCE IN AMPARO ACTIONS. THE DISTRICT JUDGE SHALL REQUIRE FROM THE GOVERNMENT DEFENDANT THE INFORMATION REQUIRED TO ANALYZE TECHNICAL ASPECTS REQUIRED BY THE EXPERTS TO PREPARE THEIR OPINION" and identification information: Digital Registry: 2008917, instance: Collegiate Courts of Circuit, Precedent: I.1°.A.E.27 K (10ª). Tenth Epoch book April 17, two thousand fifteen, volume II, page 1812, subject matter(s): general", this court issues the following resolutions in connection with the requests:

CERTIFIED TRANSLATION
P. 0193-2021

Pursuant to article 105, 108, 109, 295, 604 and 605 of the Code for Civil Procedures of the Federal District, articles 548, 549, 550, 551, 552, 553, and 556 of the Federal Code for Civil Procedures, articles 1,2,3,4,9,10 and 13 of the Convention on the Taking of Evidence Abroad in Commercial or Civil Matters, the issuance of international letters rogatory is hereby ordered, with the corresponding insertions, addressed to the Office of International Judicial Assistance of the Department of Justice of the United States of America, which is the central authority appointed by the Government of such country in terms of article 2 of the abovementioned convention, in order to request:

1) From Google with address in 1600 Amphitheatre Parkway, Mountain View, California, 94043, USA:

   [*appears stamp*
   a) The complete name of the creator/holder of the *of the twenty-* aurorasresearchinfo@gmail.com. *ninth Court on*
   b) Birth date of the creator/holder of the e-mail aurorasresearchinfo@gmail.com *Civil Matters in*
   c) Sex of the creator/holder of the e-mail aurorasresearchinfo@gmail.com *Mexico City*]
   d) Telephone number provided for the registration and/or creation of the e-mail aurorasresearchinfo@gmail.com.
   e) History of the holders of the e-mail aurorasresearchinfo@gmail.com, including full name, birth date, telephone number and sex.
   f) E-mail address to recover the e-mail aurorasresearchinfo@gmail.com.
   g) ID of the device on which the e-mail aurorasresearchinfo@gmail.com was created.
   h) History of IP addresses registered using the e-mail aurorasresearchinfo@gmail.com.

2) From Automattic Inc. with address in 330 N Brand Blvd. Glendale, California 91023-2336, addressing the request to CT Corporation System.

   a) The complete name of the creator/holder of the website https://aurorasresearch.wordpress.com/.
   b) Telephone number provided for the registration and/or creation of the website https://aurorasresearch.wordpress.com/.
   c) E-mail address with which the website https://aurorasresearch.wordpress.com/ was created.
   d) IP address with date/time from the moment on which the website https://aurorasresearch.wordpress.com/ was created.
   e) Physical address evidenced from the use of the website https://aurorasresearch.wordpress.com/

3) From Twitter Inc. with address in 1355 Market Street, Suite 900, San Francisco, California, 94103, USA:

   a) Information of the Twitter accounts @PDiezG and @AurorasResearch
   b) History of such accounts
   c) Apps and devices associated to such accounts.
   d) History of the IP addresses registered in each account.
   e) Registry of activities of each account.

CERTIFIED TRANSLATOR
P. 0193-2021
GERALDINA CHÁVEZ LOZANO

      f) Telephone numbers with which each account is registered.

      g) E-mail account of each account.

      h) Birth date of each account.

      i) All the identification information of the registry of the accounts @PDiezG and @AurorasResearch.

Which shall be made through the Central Authority appointed by the General Directorate of Legal Affairs of the Ministry of Foreign Affairs, and with the completion of the form "Letter of Request of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of March 18, 1970", which is made available on this date to the interested party, and which shall contain a list of the appropriate elements for the compliance of the processes under article 6 of the Convention, especially: **a)** the authority requesting its execution and the authority requested to execute it, and, if possible, to the requesting authority; **b)** the names and addresses of the parties to the proceedings and their representatives, if any; **c)** the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto; **d)** the evidence to be obtained or other judicial act to be performed. Where appropriate, the Letter shall specify, *inter alia* – **e)** the names and addresses of the persons to be examined; **f)** the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined; **g)** the documents or other property to be inspected; **h)** any requirement that the evidence is to be given on oath or affirmation, and any special form to be used; **i)** any special method or procedure to be followed under article 9, in the understanding that the plaintiff shall file, in triplicate, before this judicial authority, the abovementioned documents translated into the official language of the requested State, for them to be incorporated to the International Letter Rogatory duly numbered, stamped and initialized by this court, to be made available to the plaintiff so that, supporting the duties of administration of justice, it carries out all the applicable procedures for purposes of sending and conducting it, in the understanding that, pursuant to article 14 of the abovementioned international treaty, the interested party pays the direct expenses derived from the corresponding preparation and production of the evidence herein.--------- It is hereby recorded that all the judicial acts contained in this court file have been digitalized and are contained in the digital file, finally incorporated into the hard copy, and both versions shall have the same legal effects.- TO BE NOTIFIED. Prepared and signed digitally by the Judge of the Twenty-Ninth Court on Civil Matters processed in writing in Mexico City, MASTER AT LAW José Luis de Gyves MARÍN, before Court Clerk "B" Luz Mariana Granados Gutiérrez, with who he acts and certifies. I CERTIFY.-------------------------------------------------------------------------------------------------------

**Mexico City, June twenty-three, two thousand twenty-one.** --In the court records, the writ filed by JOSÉ ANTONIO GARCÍA CRUZ, acting as expert in information technology appointed by the plaintiff is hereby acknowledged to have filed a certified copy of his professional license, which evidences that he has a degree in computer science, which is added to the records of this court, and it is hereby deemed that he has filed the writ, accepting his duties and declaring under affirmation the due performance of such duties, declaring that he knows the contested matters in connection with the expert evidence, and that such duties are conferred with the authority and obligations inherent to such duties and, as requested, this court orders the issuance of official communications addressed to the company TWITTER, which corporate name is TWITTER MÉXICO, S.A. DE C.V. with address in Montes Urales 424, Lomas Virreyes, colonia Lomas de Chapultepec. 5th section, alcaldía Miguel Hidalgo, Mexico City, zip Code 11000, for it to provide the information requested therein and, after it is requested, an official communication shall be addressed to TELMEX (TELÉFONOS DE MÉXICO) with address in Av. Parque Vía number 190, colonia Cuauhtémoc, zip code 06599 in Mexico, Mexico City, to TELCEL (RADIOMOVIL

DIPSA, S.A. DE C.V.) with address in Lago Zurich 245, Plaza Carso, Edificio Telcel, Col. Ampliación Granada, Alcaldía Miguel Hidalgo, zip code 11529, Mexico City, Mexico and AT&T (AT&T COMERCIALIZACIÓN MÓVIL, S. DE R.L. DE C.V.) with address in Río Lerma 232, Torre Diana, Floor 20, Colonia Cuauhtémoc, Delegación Cuauhtémoc, Mexico City, zip code 06500 for them to provide the information requested by the expert in the writ referred to herein. In addition, the person in charge shall prepare the corresponding official communications and afterwards, shall be made available to the interested party for it to process them. On the other hand, in connection with the requirement to the defendant it is not admissible because such request entails an investigation, which is forbidden under applicable law. Lastly, he may appear during any business day and hour on which this court works with closed doors to consult court orders and the documents required to prepare the opinion, prior registration in the court records of his appearance and review of records; therefore the TEN DAY TERM for the experts to issue their opinion shall commence after every matter ordered herein is performed. [*appears stamp of the Twenty-ninth court on Civil Matters in Mexico City*]

This order is issued on the date hereof, based based [*sic*] on Resolution V-31/2020 issued on August five, two thousand twenty by the Judiciary Council of Mexico City sitting *en banc*, determining the suspension of procedural terms in the Civil and Family Chambers, Civil and Family Courts for Written and Oral Procedures, as well as Small Claims Civil Courts, only regarding the dates on which such courts work and perform their duties with closed doors. On the other hand and due to public health reasons and the health emergency due to COVID-19, it has been required to adopt measures to preserve the health and face the spread and prevent contagions due to the pandemic, and considering the authorized "Contingency Plan for the Judicial Branch of Mexico City", observing the order of resolution 27-17/2020 dated May twenty-five two thousand twenty, which contains the "Guidelines for electronic notices on Civil and Family Matters of this Court"; therefore the plaintiff and defendant are hereby invited to provide their e-mail addresses or any other mean to receive messages (SMS), mobile messenger apps (WhatsApp, Messenger, Telegram) in the next filing, in order to comply with the abovementioned resolution and carry out the notices ordered by the court. TO BE NOTIFIED. Prepared and signed by Mr. FRANCISCO SERGIO LIRA CARREON, Twenty-ninth Judge on Civil Matters, before his Court Clerk Mrs. LUZ MARIANA GRANADOS GUTIÉRREZ, with who he acts and certifies. I CERTIFY. --------------------------------------------

**Mexico City, June seven two thousand twenty-one.** --In the court records, the writ filed digitally with the virtual central intake office signed by CARLOS DAVID VILLASANTE SANTOYO, judicial agent of the defendant PAULO JENARO DIAZ GARGARI, who is deemed to have responded the court order issued on May seventeen, two thousand twenty-one in connection with the expert evidence on information technology presented by the plaintiff; consequently, in accordance with the stage of this procedure, this court will resolve on the dismissal or admission of the EXPERT EVIDENCE on INFORMATION TECHNOLOGY presented by the PLAINTIFF, in the following terms: Considering that the purpose of such evidence is to prove that the defendant's Twitter account @PDiezG, is considered as a weaponizing account, with which he intends to harm IFM's honor and reputation, the undersigned hereby resolves that it is appropriate and, therefore, admits such evidence. Based on the foregoing, it is deemed that , the plaintiff has appointed Mr. JOSÉ ANTONIO GARCIA CRUZ as its expert; therefore the plaintiff is hereby obliged to cause its expert to accept such position and declare under affirmation that he will perform his duties appropriately and legally within the three following days, attaching the original and certified copy of his professional license or documents evidencing his capacity of expert in the art, technique or industry for which he is appointed; declaring under affirmation that he knows the matters addressed by the plaintiff and the extension of the questionnaire propounded by the parties as well as the details of the

P. 0193-2021

evidence, and that he has sufficient capacity to issue the expert opinion on this matter, being obliged to issue such opinion within the next ten days after the acceptance writ and declaration under affirmation, being warned, the plaintiff that should he fail to do so, the evidence will be dismissed. In addition, it is deemed that the defendant has appointed his expert, Mr. ALFREDO CHRISTIAN MARTÍNEZ DE ARREDONDO GASQUE, being obliged to cause its expert to accept such position and declare under affirmation that he will perform his duties appropriately and legally, within the three following days, attaching the original and certified copy of his professional license or documents evidencing his capacity of expert in the art, technique or industry for which he is appointed; declaring under affirmation that he knows the matters addressed by the plaintiff and the extension of the questionnaire propounded by the parties as well as the details of the evidence, and that he has sufficient capacity to issue the expert opinion on this matter, being obliged to issue such opinion within the next ten days after the acceptance writ and declaration under affirmation, being warned the offeror that should he fail to do so, it will be deemed that he agrees with the opinion presented by the counterparty pursuant to section VI of article 347 of the Code for Civil Procedures. On the other hand, as requested by the plaintiff in the motion for offering evidence, the plaintiff is required to refrain from modifying the previous status, as well as the permits, accesses, publications of such account, being warned that if it does so, the facts intended to be evidenced with such evidence will be deemed to be true. This order is issued on the date hereof, based based [sic] on Resolution V-31/2020 issued on August five, two thousand twenty by the Judiciary Council of Mexico City sitting en banc, determining the suspension of procedural terms in the Civil and Family Chambers, Civil and Family Courts for Written and Oral Procedures, as well as Small Claims Civil Courts, only regarding the dates on which such courts work and perform their duties with closed doors. On the other hand and due to public health reasons and the health emergency due to COVID-19, it has been required to adopt measures to preserve the health and face the spread and prevent contagions due to the pandemic, and considering the authorized "Contingency Plan for the Judicial Branch of Mexico City", observing the order of resolution 27-17/2020 dated May twenty-five two thousand twenty, which contains the "Guidelines for electronic notices on Civil and Family Matters of this Court"; therefore the plaintiff and defendant are hereby invited to provide their e-mail addresses or any other mean to receive messages (SMS) mobile messenger apps (WhatsApp, Messenger, Telegram) in the next filing, in order to comply with the abovementioned resolution and carry out the notices ordered by the court. TO BE NOTIFIED,. Prepared and signed by Mr. FRANCISCO SERGIO LIRA CARREON, Twenty-ninth Judge on Civil Matters, before his Court Clerk Mrs. LUZ MARIANA GRANADOS GUTIÉRREZ, with who he acts and certifies. I CERTIFY. -----------------------------------------------------------------

**Mexico City, May seventeen, two thousand twenty-one.** --In the court records, the writ filed by Mr. ALEJANDRO DEL CASTILLO RAMÍREZ, on behalf of the plaintiff, it is deemed that he made his representations and, per his request, considering the current procedural status of this court case, the court order admitting evidence is issued in the following terms: The evidence presented by the PLAINTIFF is hereby admitted, clarifying that regarding the evidence identified with number 3 and 28 of the motion for the offering of evidence, they are simple photocopies, the documentary evidence number 6, refers to public instrument 31,906 (thirty-one thousand nine hundred six) dated March nineteen, two thousand twenty, and not to the number and date mistakenly mentioned by the offeror. The same occurs regarding documentary evidence number 7, because it refers to public instrument 31,098 (thirty-one thousand ninety-eight) dated March nineteen, two thousand twenty and not to the number and date mistakenly stated by the plaintiff. Now, in connection with the evidence number 5, 19, and 35, because the plaintiff refers that the evidence is contained in USB devices and compact disk, which are kept in the safe of the court,

are hereby admitted. The plaintiff shall provide the devices or elements required to reproduce them at the date and time to be designated in this court order for such purposes, being warned that should it fail to do so, such evidence will not be received for reasons attributable to its offeror pursuant to article 374 of the local code for procedures. On the other hand, documentary evidence identified with number 26 of the motion for the offering of evidence, regarding the documentary evidence consisting of the simple photocopy of the initial complaint writ, whereby it requests a certified copy a document in connection with the procedure referred therein, in connection with evidence identified with number 37, because they are related, as requested by the plaintiff, it is hereby ordered to issue an official communication addressed to the THIRTEENTH JUDGE [*appears stamp: Office Twenty-Fifth Court on civil matters in Mexico City*] CIVIL MATTERS OF THE SUPERIOR COURT OF JUSTICE OF MEXICO CITY for it to remit to this authority a certified copy of the initial complaint writ filed by Paulo Jenaro Diez Gargari against José Andrés de Oteyza y Fernández Valdemoro, contained in the court records of court case 487/2015; therefore, the person in charge shall prepare the corresponding notice and, after doing so, make it available to the plaintiff, for it to process it, who is hereby ordered to carry out the corresponding procedures for such purposes, and shall file them no later than the date designated for the hearing for the production of the evidence being warned that, should it fail to do so, such evidence will not be received for reasons attributable to its offeror. Regarding documentary evidence identified with number 32, which is a writ requesting copy of a pre-trial investigation, which is related to evidence identified with number 39, the issuance of an official communication addressed to the ASSISTANT ATTORNEY GENERAL´S OFFICE SPECIALIZED IN THE INVESTIGATION OF FEDERAL OFFENSES (SEIDF ,per its acronym in Spanish) is hereby ordered, for it to remit a certified copy to this authority of the statement made by Juan Luis Osuna Gómez on February 22, 2016, in the pre-trial investigation A.P. 702/UEIDAPLE/LE/1/2015; therefore, the person in charge shall prepare the corresponding notice and, after doing so, make it available to the plaintiff, for it to process it, who is hereby ordered to carry out the corresponding procedures for such purposes, and shall file them no later than the date designated for the hearing for the production of the evidence being warned that, should it fail to do so, such evidence will not be received for reasons attributable to its offeror. Regarding the evidence identified with number 34 in the motion for the offering of evidence, considering what is stated by the plaintiff, the issuance an official communication addressed to the Director of Mexico City´s Public Registry is hereby ordered, for it to remit a certified copy to this authority of the mercantile folios of the companies TECNOLOGÍA APLICADA INFRAIBER, S.A. de C.V. with mercantile folio 447056, ADMINISTRADORA ACCIONARIA INFRAIBER, S.A. DE C.V. with mercantile folio 445853 and CONTROL ACCIONARIO INFRAIBER, S.A. DE C.V. with mercantile folio 447674; therefore, the person in charge shall prepare the corresponding notice and, after doing so, make it available to the plaintiff, for it to process it, who is hereby ordered to carry out the corresponding procedures for such purposes, and shall file them no later than the date designated for the hearing for the production of the evidence being warned that, should it fail to do so, such evidence will not be received for reasons attributable to its offeror. Regarding the report identified with number 38, it is hereby ordered to issue an official communication addressed to the Highway, Airports, and Other Services System of the State of Mexico for it to remit a copy of the Master Agreement dated March 18th, 2011 and the first amendment agreement thereof, executed between the company INFRAIBER and the GOVERNMENT OF THE STATE OF MEXICO, through the HIGHWAY, AIRPORTS, AND OTHER SERVICES SYSTEM OF THE STATE OF MEXICO; therefore, the person in charge shall prepare the corresponding notice and, after doing so, make it available to the plaintiff, for it to process it, who is hereby ordered to carry out the corresponding procedures for such purposes, and shall file them no later than the date designated for the hearing to produce the evidence being warned that, should it fail to do so, such evidence will not be received for reasons

3

attributable to its offeror. Regarding the evidence identified as number 40 of the motion for the offering of evidence regarding EXPERT EVIDENCE ON INFORMATION TECHNOLOGY, before resolving whether it is admitted or not, the other party shall be notified for it to respond regarding its appropriateness within a THREE DAY TERM pursuant to article 348 of the Code for Civil Procedures and; Regarding the evidence identified as number 41 of the motion for the offering of evidence, because it is the testimony evidence to be responded by PAULO JENARO DIEZ GARGARI, for him to attend this court at the date and time to be designated for the Hearing twenty- of production of evidence, who is ordered for citation. THROUGH PERSONAL NOTICE to him to appear before this court at the date and time specified for the hearing to be held for the matters in testimony evidence, for him to respond the questionnaire personally, and not through attorney in fact or representative, being warned that should he fail to appear without justification, he shall be deemed to have admitted all the questions. The offering party is also required to file the envelop with the questions (or to ask them orally) to be responded by the defendant no later than the date set forth for the hearing, being warned that should it fail to do so, it shall be deemed that the evidence is dismissed due to tack of legal interest; therefore, the corresponding notice is ordered to be prepared and, afterwards to be sent to the Notifying Officer of this Court for him to serve the notice. Now, in connection with the evidence offered by the defendant PAULO JENARO DIEZ GARGARI, it is hereby resolved in the same order that they were presented; thus, regarding evidence identified with number 1 and 2, because they are testimony evidence to be responded by the company IFM INVESTORS PTY LTD and the company IFM GLOBAL INFRASTRUCTURE FUND acting through its Trustee CONYERS TRUST COMPANY (CAYMAN) LIMITED, THEY SHALL BE NOTIFIED PERSONALLY for them to appear at the date and time specified in this court order for the production of such evidence to respond the questionnaires through their attorney in fact, prior the legal assessment, being warned that should they fail to appear unjustifiably, it shall be deemed that they admitted the questions. The offering party is also required to file the envelop with the sealed questionnaire (or to ask them orally) to be responded by the defendant no later than the date set forth for the hearing, being warned that should it fail to do so, it shall be deemed that the evidence is dismissed due to lack of legal interest; therefore, the corresponding notice is ordered to be prepared and, afterwards to be sent to the Notifying Officer of this Court for him to serve the notice. Regarding evidence identified with number 3, 4 and 5, considering it is EXPERT EVIDENCE on accounting regarding CONYERS, ACCOUNTING EXPERT EVIDENCE regarding IFM PTY and ACCOUNTING EXPERT EVIDENCE regarding MAGENTA INFRAESTRUCTURA, S.L., respectively, before ordering whether it is admitted or not, the other party shall be notified for it to respond regarding its appropriateness within a THREE DAY TERM pursuant to article 348 of the Code for Civil Procedures. Regarding witness evidence identified with numbers 6, 8, 11, 12, 13, 14 and 15, considering the provisions of article 357 of the Code for Civil Procedures, which sets forth that the party offering any such evidence is obliged to present its witnesses and, when it is impeded to do so, shall declare under affirmation the reasons why it cannot present its witness; therefore because the offering party did not state such reasons, this judge cannot assess them pursuant to the abovementioned provisions and, consequently, such witness evidence is not admitted, as the law does not provide the possibility of issuing official communications for the witnesses presented in the procedure. Regarding testimony evidence identified with numbers 7, 9, 10, 16, 17 and 18 of the motion for the offering of evidence, it is not admitted because he also failed to declare under affirmation the reasons why he cannot present his witness; therefore, this judge cannot assess the reasons to do so pursuant to article 357 of the Code for Civil Procedures in addition to the foregoing, he requests that official communications are issued to look for them, which is not provided by law and, moreover, the witnesses' address provided is out of the jurisdiction of this court, and he did not request the extension of the term to introduce evidence,

for being a foreign evidence under article 300 of the Code for Civil Procedures. Regarding evidence identified with number 19, regarding the CONFESSION MADE IN THE PRESENCE OF THE COURT, because it refers to the acknowledgement of the content and signature of the initial writ of complaint and the writ responding to the defenses filed by the defendant, the plaintiffs IFM GLOBAL INFRASTRUCTURE are hereby ordered to be notified personally for them to appear at the date and time designated for such purposes in this court, through an attorney in fact with sufficient authority to acknowledge the above-mentioned content and signature, being warned that, should they fail to do so, it will be deemed acknowledged; therefore, this court on hereby ordered to prepare the corresponding notice and, afterwards, to be sent to the corresponding court clerk. Regarding evidence identified with number 20, known as judicial inspection, considering that article 297 of the Code for Civil Procedures sets forth that the party offering such evidence shall determine the items of such evidence, which he failed to do as he only mentioned the links of websites to be inspected and the description thereof, but he failed to mention in a clear and accurate manner which are the items to be inspected; therefore, this evidence is not admitted. Regarding evidence identified with number 21, which is an ACKNOWLEDGEMENT OF A PRIVATE DOCUMENT BY VICTOR JORGE SALAMANCA SILVA, because there is no certainty regarding the address where such person shall be notified for him to appear to produce such evidence because, on one hand, the offering party does not know such address, and on the other hand he mentions that he could be at the address designated therein; therefore, since such evidence was not presented under applicable law, it is not admitted. Regarding evidence identified with number 22, which is an ACKNOWLEDGEMENT OF A PRIVATE DOCUMENT BY CARLOS DE SERPA PIMENTEL, it is not admitted because it is mentioned that the address of such person is out of the jurisdiction of this court; however, he did not request the extension of the evidence period pursuant to article 300 of the Code for Civil Procedures. Regarding the other evidence, as they are presumptive evidence in law and fact and the documentary evidence consisting of the court records, they are admitted, in the understanding that evidence identified with number 23 is a printout, evidence 24, 25, 27, 28, 30 and 31 are simple photocopies and number 26 is a color printout. Regarding the chapter of documents request mentioned in the motion for the offering of evidence, it is not admissible to resolve affirmatively because they were not presented under article 95, section II of the Code for Civil Procedures, this is, he failed to declare under affirmation the reasons why he could not present such documents, and does not specify the place where they are, and moreover, considering that the plaintiff is a merchant, no investigations can be made on their books and documents because it is prohibited by law therefore, any requirement thereof is not admissible Regarding the general offering of evidence for purposes of having as presented the documents presented by the plaintiff as attachments to the initial complaint, in the writ responding to the defenses in what harms the plaintiffs and proves the inadmissibility of the action, this will be assessed and studied at the appropriate procedural stage. For purposes of holding the hearing for the production of evidence by the defendant, PAULO JENARO DIEZ GARGARI, this court designates that it shall be held at TEN HOURS OF NOVEMBER ELEVEN TWO THOUSAND TWENTY-ONE for purposes of producing the testimony evidence by IFM INVESTORS PTY LTD and the company IFM GLOBAL INFRASTRUCTURE FUND acting through its Trustee CONYERS TRUST COMPANY (CAYMAN) LIMITED, TO BE NOTIFIED PERSONALLY, as well as the evidence consisting of acknowledgement of content signature to be produced by them, this court designates TEN HOURS OF NOVEMBER SIXTEEN TWO THOUSAND TWENTY-ONE for purposes of holding the hearing to produce the evidence on digital means, this is USB devices and compact disk, presented by the plaintiff, and TEN HOURS OF NOVEMBER EIGHTEEN TWO THOUSAND TWENTY-ONE, which were designated in accordance with the workload of this

[Court stamp, partly illegible: "Attorney's stamp ... of the Twenty-... Civil Court ... judicial locality"]

P. 0193-2021

court, as well as the schedule of the hearings held in this court, which shall be prepared as provided by this court order, with the warnings made herein. This court order is issued based based (sic) on Resolution V-31/2020 issued on August five, two thousand twenty by the Judiciary Council of Mexico City sitting en banc, determining the suspension of procedural terms in the Civil and Family Chambers, Civil and Family Courts for Written and Oral Procedures, as well as Small Claims Civil Courts, only regarding the dates on which such courts work and perform their duties with closed doors. On the other hand and due to public health reasons and the health emergency due to COVID-19, it has been required to adopt measures to preserve the health and face the spread and prevent contagions due to the pandemic, and considering the authorized twenty-"Contingency Plan for the Judicial Branch of Mexico City", observing the order of resolution 27-17/2020 dated May twenty-five two thousand twenty, which contains the "Guidelines for electronic notices on Civil and Family Matters of this Court"; therefore the plaintiff and defendant are hereby invited to provide their e-mail addresses or any other mean to receive messages (SMS), mobile messenger apps (WhatsApp, Messenger, Telegram) in the next filing, in order to comply with the abovementioned resolution and carry out the notices ordered by the court. TO BE NOTIFIED,. Prepared and signed by Mr. FRANCISCO SERGIO LIRA CARREON, Twenty-ninth Judge on Civil Matters, before his Court Clerk Mrs. LUZ MARIANA GRANADOS GUTIÉRREZ, with who he acts and certifies. I CERTIFY.

---**Mexico City, August twelve, two thousand twenty.** --In the court records, the writ and exhibit attached thereto, is deemed to have complied the requirement made in court order issued on the sixth of this month and year; consequently, it is deemed that IFM GLOBAL INFRASTRUCTURE FUND acting through its trustee CONYERS TRUST COMPANY (CAYMAN) LIMITED and IFM INVESTORS PTY LTD, acting through its representative ALFONSO RIVERA GAXIOLA, who evidenced his authority, which is acknowledged in terms of notarial instruments 159,924 and 159,925, attached in certified copy, prior collation with the photocopies, as required, please return the originals. The address designated for purposes of hearing and receiving notices is hereby acknowledged, and the professionals indicated therein are authorized pursuant to paragraph fourth of article 112 of the Code for Civil Procedures, who at the filing shall evidence that they have registered their professional licenses with the First Office of the Court Clerk of the Presidency of this Court , being warned that should they fail to do so, they will lose the authority granted to the prejudice of the grantor and shall only have the authorities indicated in the las paragraph of such article, the other persons indicated therein are deemed authorized for the purposes indicated therein. It is deemed that the plaintiff claims in A CIVIL ORDINARY PROCEDURE against DIEZ GARGARI PAULO JENARO, the relief sought described in its complaint writ. Pursuant to articles 256, 258, 259 and other applicable provisions of the Code for Civil Procedures, this complaint is admitted in the terms specified therein. Consequently, with the photocopies presented, please serve summons on the defendant for him to answer to the complaint within a FIFTEEN DAY TERM and file any defense, requesting him to designate an address to hear and receive notices within this jurisdiction, being warned that should he fail to do so, the subsequent notices, even personal notices, will become effective through Judicial Bulletin. This court deems that it is not admissible to publish court orders derived from this procedure as "confidential" due to the nature of the procedure. On the other hand, and due to COVID-19, as well as preventing the spread and contagions derived from the pandemic, and considering the authorized "Contingency Plan for the Judicial Branch of Mexico City", considering circular 15/2020 issued by the Judiciary Council of Mexico City and observing resolution 27-17/2020 issued on May twenty-five, two thousand twenty, which contains the "Guidelines for electronic notices on Civil and Family Matters of this Court"; therefore the plaintiff and defendant are hereby invited to provide their e-mail addresses or any

other mean to receive messages (SMS), mobile messenger apps (WhatsApp, Messenger, Telegram in the next filing, in order to comply with the abovementioned resolution and carry out the notices ordered by the court. Now, in accordance with RESOLUTION V-31/2020 issued on August five of this year by the Judiciary Council, determining the "Suspension of procedural terms in the Civil and Family Chambers, Civil and Family Courts for Written and Oral Procedures, as well as Small Claims Civil Courts, only regarding the dates on which such Courts work and perform their duties with closed doors". In addition, in compliance of the Resolution 10-03/2012 issued by the Judiciary Council of Mexico City sitting en banc, contained in Circular 06/2021, as well as provisions of article 55 of the Code for Civil Procedures, in connection with articles 3, 4, 5 and 6 of the Law for Alternative Justice of the Superior Court of Justice in Mexico City, based on the interest for people under a litigation procedure to have an alternative to resolve their dispute through the Alternative Justice Center, where they will receive free advisory, mediation is not legal consultancy. The Center is in Av. Niños Héroes 133, colonia Doctores, delegación Cuauhtémoc, D.F., Zip Code 06500 with telephone number 5134-11-00 ext 1460 and 2362 Service of Civil Commercial Mediation: 5207-25-84 and 5208-33-49. mediacion.civil.mercantil@tsjcdmx.gob.mx Service of Family Mediation: 5514-2860 and 5514-58-22 mediacion.familiar@tsjcdmx.gob.mx". In addition, in accordance with articles 11 and 15 of the Regulations of the Institutional System of Archives of the Judicial Branch of Mexico City authorized by General Resolution 22-02/2012 amended by Resolutions 78-06/2012 and 82-06/2012 dated February fourteen, two thousand twelve issued by the Judiciary Council of Mexico City sitting en banc, the parties are hereby informed that after the conclusion of this procedure and the NINETY DAY TERM after the publication of such order, the documents on which the action is grounded and the evidence, as well as the file derived from the procedure will be destroyed; therefore they shall appear to pick up such documents, prior registration and receipt to be recorded in the file for the records of the Court Clerk. TO BE NOTIFIED. PREPARED AND SIGNED BY MR. FRANCISCO SERGIO LIRA CARREON, TWENTY-NINTH JUDGE ON CIVIL MATTERS, BEFORE HIS COURT CLERK Mr. JOSÉ ARTURO ÁNGEL OLVERA, WITH WHO HE ACTS AND CERTIFIES. I CERTIFY. -----------------

*[appears stamp of the Twenty-ninth Court on Civil matters in Mexico City]*

AUTOMATTIC INC ADDRESS, ADDRESSED TO CT CORPORATION SYSTEM: 330 N BRAND BLVD. GLENDALE, CALIFORNIA 91023-2336, USA

REPRESENTATIVE: ALEJANDRO DEL CASTILLO RAMÍREZ.



GERALDINA
CHÁVEZ LOZANO

CERTIFIED TRANSLATOR
P. 0193-2021

FOR YOU TO COMPLY WITH THIS ORDER IN THE TERMS HEREIN, IN THE NAME OF THE NATIONAL SOVEREIGNTY, I HEREBY RESPECTFULLY REQUEST YOU TO PROCESS THIS DOCUMENT IN THE TERMS HERE IN AS SOON AS YOU RECEIVE IT. REST ASSURED OF MY RECIPROCITY FOR ANY SIMILAR CASES. IN MEXICO CITY, ON NOVEMBER TWENTY-ONE, TWO THOUSAND TWENTY-TWO. I CERTIFY.

### TWENTY-NINTH JUDGE ON CIVIL MATTERS FOR WRITTEN PROCEDURES IN MEXICO CITY

#### JOSE LUIS DE GYVES MARIN
#### MASTER AT LAW

*[appears illegible signature]*

#### COURT CLERK "B"

*[appears illegible signature]*

#### MS. LUZ MARIANA GRANADOS GUITIÉRREZ

*[appears stamp of the Twenty-ninth Court on Civil matters in Mexico City]*

JUZGADO VIGÉSIMO NOVENO
DE LO CIVIL DE PROCESO ESCRITO

Geraldina Chávez Lozano, expert translator duly authorized by the Federal Judiciary Council as evidenced in the Federal Official Gazette on December 15th, 2021 with registry number P-0193-2021, I hereby certify that, to the best of my knowledge this is a correct and accurate translation from Spanish of the original document. This certifies only the accuracy of the translation and not the truthfulness, accuracy, or validity of the original document.
This document contains 11 (eleven) pages, printed on one side. ------------------------
--------Date: December 5th, 2022.------------------------------------------------
-
Mobile: 5537272763 e-mail: geraldina.chavezl@legallyspeaking.com.mx------------
Geraldina Chávez Lozano
Certified translator P-0193-2021
Authorization available at:
https://www.cjf.gob.mx/resources/index/infoRelevante/2021/pdf/peritos/listaPeritosOrgan
osPJF_2022.pdf

# COMISION ROGATORIA

LETTER OF REQUEST

### Convenio de 18 de marzo de 1970

### sobre la Obtención de Pruebas en el Extranjero en Materia Civil o Comercial

*Hague Convention of 18 March 1970 on the*

*Taking of Evidence Abroad in Civil or Commercial Matters*

*Convention de La Haye du 18 mars 1970 sur*

*l'obtention des preuves à l'étranger en matière civile ou commerciale*

| 1. | **Remitente**<br><br>*Sender*<br><br>*Expéditeur* | C. Juez Vigésimo Noveno de lo Civil de Proceso Escrito del H. Tribunal Superior de Justicia de la Ciudad de México; con domicilio ubicado en Avenida Niños Héroes 132, Piso 5, Colonia Doctores, Código Postal 06720, Alcaldía Cuauhtémoc, Ciudad de México, México; Teléfono: 55-9156-4997; Correo Electrónico: jose.degyves@tsjcdmx.gob.mx |
|---|---|---|
| 2. | **Autoridad Central del Estado requerido**<br><br>*Central Authority of the Requested State*<br><br>*Autorité centrale de l'État requis* | Autoridad Central de los Estados Unidos de América: Oficina de Asistencia Judicial Internacional del Departamento de Justicia de los Estados Unidos de América. |
| 3. | **Persona/autoridad judicial a la que debe retornarse la solicitud una vez ejecutada**<br><br>*Person to whom the executed request is to be returned*<br><br>*Personne à qui les pièces constatant l'exécution de la demande doivent être renvoyées* | Dirección General de Asuntos Jurídicos de la Secretaría de Relaciones Exteriores; con domicilio ubicado en Avenida Juárez 20, Plaza Juárez, Colonia Centro, Código Postal 06010, Alcaldía Cuauhtémoc, Ciudad de México, México; Teléfono: 55-3686-5100; Correo Electrónico: dgajuridicos@sre.gob.mx |
| 4. | **Especificación de la fecha en la que autoridad requirente precisa acuse de recibo de la solicitud enviada**<br><br>*Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request*<br><br>*Indiquer la date limite à laquelle l'autorité requérante désire recevoir la réponse à la commission rogatoire* | |
| | **Fecha límite**<br><br>*Date*<br><br>*Date limite* | 30 de enero de 2023. |
| | **Justificación de la urgencia**<br><br>*Reason for urgency*<br><br>*Raison de l'urgence* | Insertar razones justificadas de la urgencia. Omitir este campo si no procede. **NO PROCEDE.** |

JUZGADO VIGÉSIMO NOVENO DE PROCESO ESCRITO

**De conformidad con el artículo 3 del Convenio, la autoridad abajo firmante tiene el honor de remitir la siguiente solicitud**

*In conformity with Article 3 of the Convention, the undersigned applicant has the honour to submit the following request:*

*En conformité de l'article 3 de la Convention, le requérant soussigné a l'honneur de présenter la demande suivante :*

| 5. a | **Autoridad requirente** **(Art. 3(a))** *Requesting authority* *(Art. 3(a))* *Autorité requérante* *(art. 3(a))* | C. Juez Vigésimo Noveno de lo Civil de Proceso Escrito del H. Tribunal Superior de Justicia de la Ciudad de México; con domicilio ubicado en Avenida Niños Héroes 132, Piso 5, Colonia Doctores, Código Postal 06720, Alcaldía Cuauhtémoc, Ciudad de México, México; Teléfono: 55-9156-4997; Correo Electrónico: jose.degyves@tsjcdmx.gob.mx |
|---|---|---|
| b | **Para la autoridad competente de  (Art. 3(a))** *To the Competent Authority of (Art. 3(a))* *À l'Autorité compétente de* *(art. 3(a))* | Autoridad Central de los Estados Unidos de América; Oficina de Asistencia Judicial Internacional del Departamento de Justicia de los Estados Unidos de América. |
| c | **Tipo y número de procedimiento judicial** *Names of the case and any identifying number* *Nom de l'affaire et numéro d'identification de l'affaire* | Juicio: Ordinario Civil; Número de Expediente: 288/2020; Órgano Jurisdiccional: Juzgado Vigésimo Noveno de lo Civil de Proceso Escrito del H. Tribunal Superior de Justicia de la Ciudad de México. |

| 6. | **Nombres y direcciones de las partes y sus representantes (incluyendo los representantes que hubiere en el Estado de ejecución) (Art. 3(b))** *Names and addresses of the parties and their representatives (including representatives in the Requested State) (Art. 3(b))* *Identité et adresse des parties et de leurs représentants (y compris représentants dans l'État requis) (art. 3(b))* | |
|---|---|---|
| a | **Demandante** *Plaintiff* *Demandeur* | (*i*) IFM GLOBAL INFRASTRUCTURE FUND, actuando a través de su Fiduciario CONYERS TRUST COMPANY (CAYMAN) LIMITED, e; (*ii*) IFM INVESTORS PTY LTD; ambas con domicilio ubicado en Avenida Boulevard Manuel Ávila Camacho 32, Piso 11, "Torre Esmeralda III", Colonia Lomas de Chapultepec, Código Postal 11000, Alcaldía Miguel Hidalgo, Ciudad de México, México. |

|   | **Representantes**<br><br>*Representatives*<br><br>*Représants* | Alonso Rivera Gaxiola; Alejandro del Castillo Ramírez; Carolina Medina Gómez; Diego Roberto Espinosa Arzani; Paulo Esteban Arroyo Calderón; Daniel Ávila Monroy; todos con domicilio ubicado en Avenida Boulevard Manuel Ávila Camacho 32, Piso 11, "Torre Esmeralda III", Colonia Lomas de Chapultepec, Código Postal 11000, Alcaldía Miguel Hidalgo, Ciudad de México, México. |
|---|---|---|
| **b** | **Demandado**<br><br>*Defendant*<br><br>*Défendeur* | Paulo Jenaro Díez Gargari; con domicilio ubicado en Avenida Juan Salvador Agraz 73, Piso 17, Colonia Santa Fe, Código Postal 05348, Alcaldía Cuajimalpa de Morelos, Ciudad de México, México. |
|   | **Representantes**<br><br>*Representatives*<br><br>*Représants* | Carlos David Villasante Santoyo; con domicilio ubicado en Avenida Juan Salvador Agraz 73, Piso 17, Colonia Santa Fe, Código Postal 05348, Alcaldía Cuajimalpa de Morelos, Ciudad de México, México. |
| **c** | **Otros intervinientes**<br><br>*Other parties*<br><br>*Autres parties* | Insertar (si procede) nombre y direcciones de otras posibles partes o intervinientes que figuren el procedimiento (por ejemplo, tercero interesado o interviniente) **NO PROCEDE.** |
|   | **Representantes**<br><br>*Representatives*<br><br>*Représants* | Insertar (si procede) nombre y direcciones de otras posibles partes o intervinientes de otras partes. **NO PROCEDE.** |

| **7. a** | **Naturaleza del procedimiento (divorcio, reclamación de paternidad, incumplimiento contractual, responsabilidad por los daños causados por productos defectuosos etc.) (Art. 3(c))**<br><br>*Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Art. 3(c))*<br><br>*Nature et objet de l'instance (divorce, filiation, rupture de contrat, responsabilité du fait des produits, etc.) (art. 3(c))* | Juicio: Ordinario Civil; Clase de Acción: Responsabilidad Civil por Daño Moral; Fundamento Legal: Artículo 1916 del Código Civil para el Distrito Federal, Ley de Responsabilidad Civil para la Protección del Derecho a la Vida Privada, el Honor y la Propia Imagen en el Distrito Federal. |
|---|---|---|
| **b** | **Resumen de la solicitud**<br><br>*Summary of complaint*<br><br>*Exposé sommaire de la demande* | Juicio Ordinario Civil en el cual la parte actora aduce que se le ha causado un daño en su honor y reputación -daño moral en su patrimonio- puesto que la parte demandada, entre otros actos, ha publicado múltiples tweets mencionándola a través de su cuenta personal de Twitter @PDiezG y a través de otra cuenta que dice es manipulada por el propio demandado @AurorasResearch, utilizando ambas cuentas como un arma de ataque en su contra -conducta conocida como weaponizing- con lo que refiere la parte actora se actualiza una conducta ilícita generadora de un daño moral. Se reclaman las prestaciones siguientes: |

a) La declaración judicial de que Paulo Jenaro Díez Gargari incurrió en conductas ilícitas que ocasionaron un daño en el patrimonio moral de IFM, lesionando sus derechos de la personalidad como lo son, de manera enunciativa mas no limitativa, su honor, reputación, así como la consideración que los demás tienen de ésta.

b) La declaración judicial de que las indebidas imputaciones efectuadas por Paulo Jenaro Díez Gargari en perjuicio de IFM, consistentes en que ésta ha cometido conductas que son contrarias a las normas jurídicas de nuestro país -que inclusive resultan constitutivas de delito-, constituyen actos ilícitos que carecen de fundamento alguno y que fueron difundidos en diversos medios de comunicación -particularmente a través de la plataforma digital o red social denominada Twitter-, con el único ánimo de dañar la reputación de IFM.

c) La declaración judicial de que la divulgación al público en general, a través de la plataforma digital de Twitter, de las falsas conductas ilícitas que Paulo Jenaro Díez Gargari atribuye a IFM, le genera a aquel responsabilidad civil por el daño causado al patrimonio moral de dicha entidad.

d) La declaración judicial de que Paulo Jenaro Díez Gargari es responsable del daño causado en el patrimonio moral de IFM por la imputación pública de conductas ilícitas, incluso varias de ellas consideradas como delitos, a sabiendas de su falsedad y con la intención de dañar los derechos de la personalidad de IFM, como lo son, su honor, reputación, así como la consideración que los demás tienen de la misma.

e) Como consecuencia de lo anterior, se condene al Demandado a reparar el daño moral que le fue causado a IFM, como consecuencia directa e inmediata de los actos ilícitos perpetrados por Paulo Jenaro Díez Gargari, mediante la publicación o divulgación de la sentencia condenatoria, a costa del Demandado, en los mismos medios y formatos donde fueron difundidas las imputaciones de delitos o conductas ilícitas que ocasionaron la afectación del patrimonio moral de IFM, incluyendo en la página de internet cuyo dominio es https://aurorasresearch.wordpress.com/ y en la cuenta de Twitter @AurorasResearch -que quien manipula su contenido y publicaciones es el mismo Paulo Jenaro Díez Gargari o su vástago por instrucciones de aquel-, así como mediante el envío de cartas a través de las cuales transmita la sentencia respectiva y se retracte de las difamaciones vertidas sobre IFM.

De la misma forma, el Demandado deberá publicar y difundir la sentencia que se dicte en su cuenta personal de Twitter -@PDiezG- así como en la cuenta @AurorasResearch.

Asimismo, el Demandado deberá publicar y difundir la sentencia que se dicte en los mismos medios en los que publicó información falsa de IFM.

Lo anterior, para efecto de resarcir y/o reparar efectivamente el daño causado en el patrimonio moral de IFM, en términos de lo dispuesto por el artículo 39 de la Ley de Responsabilidad Civil para la Protección del Derecho a la Vida Privada, el Honor y la Propia Imagen en el Distrito Federal.

f) Como consecuencia de todo lo anterior, se condene a Paulo Jenaro Díez Gargari, para efecto de que se abstenga de agraviar en lo sucesivo el honor, reputación, así como la imagen que las personas tengan o puedan tener respecto a

IFM, debiendo ordenar al señor Paulo Jenaro Diez Gargari omita llevar a cabo la divulgación y publicación de imputaciones de delitos o conductas ilícitas en perjuicio de y en referencia a IFM, en cualquier medio de comunicación, masiva o no, incluyendo cualquier plataforma de la red mundial conocida como internet -entre ellas Twitter, ya sea en su cuenta personal o a través de interpósita persona- en tanto no exista una resolución judicial firme, emitida por autoridad competente, en la que se haya condenado a las Actoras por la comisión de algún ilícito.

g) Se ordene al señor Paulo Jenaro Diez Gargari omita llevar a cabo la divulgación y publicación de imputaciones de delitos o conductas ilícitas en perjuicio de y en referencia a IFM, en la página de internet cuyo dominio es https://aurorasresearch.wordpress.com/ y en la cuenta de Twitter @AurorasResearch, así como se abstenga de divulgar las notas publicadas en ambos medios, en tanto no exista una resolución judicial firme, emitida por autoridad competente, en la que se haya condenado a las Actoras por la comisión de algún ilícito.

h) En relación con la reparación del daño moral que le fue causado a IFM, las Actoras reconocen que, de conformidad con lo dispuesto en el último párrafo del artículo 1916 del Código Civil para el Distrito Federal, en relación con lo dispuesto por el artículo 41 de la Ley de Responsabilidad Civil para la Protección del Derecho a la Vida Privada, el Honor y la Propia Imagen en el Distrito Federal, así como del artículo 63, apartado 1, de la Convención Americana sobre Derechos Humanos, tienen derecho a recibir una cabal indemnización económica derivado de la afectación en su patrimonio moral ocasionado por el Demandado; no obstante, mis mandantes única y exclusivamente buscan el cese de los actos ilícitos perpetrados por Paulo Jenaro Diez Gargari en contra de mis representadas, a través de los cuales afecta su honor, imagen y reputación, así como la rectificación de los mismos a través de la publicación de la sentencia que se dicte, en los mismos medios en los que difunde las publicaciones difamatorias que hace respecto de IFM.

i) El pago de los gastos y costas que se originen con la tramitación del presente juicio.

| c | Resumen de la contestación y demanda reconvencional

*Summary of defence and counterclaim\**

*Exposé sommaire de la défense ou demande reconventionnelle* | El escrito de contestación de demanda se encuentra dividido en diversos capítulos, dentro de los cuales se encuentran: i) contestación a las prestaciones, ii) exordio, iii) contexto jurídico, iv) contestación a los hechos, el cual está dividido en a) contexto fáctico y b) contestación a los hechos, v) excepciones y defensas, vi) condena en gastos y costas, vii) objeción de documentos, viii) contestación al derecho, y ix) un requerimiento de documentos.

**Contestación a las prestaciones.**

En ese apartado, el demandado niega las prestaciones reclamadas. Particularmente refiere que IFM GLOBAL INFRASTRUCTURE FUND ("IFM GIF") carece de personalidad jurídica por lo que no tiene patrimonio moral susceptible de afectarse ni es titular de derechos fundamentales, IFM INVESTORS PTY LTD ("IFM Pty" y junto con IFM GIF "IFM") carece de legitimación en la causa pues Paulo Jenaro Diez Gargari nunca se ha referido en ella en sus publicaciones, sus publicaciones y expresiones se encuentran protegidas a nivel constitucional y convencional en el marco |

de la libertad de expresión y acceso a la información, su conducta es lícita y fomenta el debate público sobre un tema de interés general, y las actoras no acreditaron el daño, entre otras cuestiones.

Principalmente, Paulo Jenaro Díez Gargari refiere que las actoras son incapaces de demostrar que sus expresiones sobre IFM y Aleatica, S.A.B. de C.V. ("Aleatica") son falsas y que las imputaciones fueron realizadas con el único objetivo de dañar la reputación de éstas.

Es de destacar que Paulo Jenaro Díez Gargari señala expresamente que en sus publicaciones hace referencia a IFM GIF, y solamente a IFM Pty en tratándose del cobro de comisiones a sus clientes. Asimismo, refiere que sus publicaciones son realizadas para evitar la corrupción, el abuso y la impunidad, y exigir que la autoridad cumpla su función.

**Exordio**

En este capítulo, el demandado refiere que sus publicaciones fueron emitidas a partir de un análisis riguroso y diligente de la información disponible y cumplen el criterio de veracidad establecido por la Suprema Corte de Justicia, y ha generado un diálogo democrático, prestando un buen servicio a la Republica. Asimismo, refiere que Aleatica e IFM han buscado silenciarlo durante años. Lo importante en este capítulo es que Paulo Jenaro Díez Gargari ofrece "allanarse" a la demanda, reconocer su error públicamente y no volverse a ocupar de asuntos relacionados con Aleatica o IFM, si las actoras acreditan diversos puntos relacionados con las OPAS y las concesiones sobre viaducto bicentenario y el circuito exterior mexiquense.

**Contexto Jurídico**

En ese apartado, Paulo Jenaro Díez Gargari expone lo que bajo su consideración es el marco jurídico aplicable a la presente controversia, describiendo los lineamientos convencionales y mexicanos que regulan todos los aspectos del derecho a la libertad de expresión e información, sus límites, la preponderancia de estos derechos sobre otros, entre otras cuestiones.

Lo que el demandado pretende con este capítulo es justificar que sus publicaciones y expresiones se encuentran protegidas por establecido en las resoluciones de la Suprema Corte de Justicia de la Nación y de la Corte Interamericana de Derechos humanos, argumentando que las actoras son personas con proyección pública por estar vinculadas a temas de interés público (infraestructura y concesiones que conciernen a todos los mexicanos, así como la corrupción), y por ende, deben de soportar en mayor medida los ataques a su derecho al honor y reputación precisamente por tener tal carácter, lo que bajo su consideración justifica sus expresiones y arroja la carga de la prueba a las actoras de acreditar que existió malicia efectiva en su actuar, esto es, que las publicaciones las realizó a sabiendas de que la información difundida es falsa, y se hizo con la única intención de dañar a las actoras, lo que bajo su parecer no fue ni será acreditada. Asímismo, refiere que sus expresiones se encuentran protegidas puesto que son resultado de una investigación diligente, por lo que cumple el criterio de veracidad que la Suprema Corte ha establecido para otorgar protección a las expresiones.

Por otro lado, Paulo Jenaro Díez Gargari refiere que la libertad de expresión implica la posibilidad de realizar críticas fuertes a pesar de que puedan molestar al destinatario, siendo que solamente las expresiones absolutamente vejatorias (ofensivas e impertinentes) son las que quedan fuera de la protección constitucional y convencional. Bajo su apreciación, las publicaciones materia del juicio no cuentan con estas características, y por ende, están protegidas.

Para sustentar su dicho, el demandado cita diversas sentencias de la CIDH y criterios judiciales de la SCJN, relacionados mayormente a asuntos en los que se analizan disputas entre periodistas o medios de comunicación frente a funcionarios públicos.

Finalmente, Paulo Jenaro Díez Gargari refiere que, en caso de ser declarada procedente la acción, la única forma de resarcir el daño ocasionado a las actoras es mediante el derecho de rectificación o de réplica (solicitar la corrección de la información publicada en el mismo medio en que fue difundida), al ser la forma privilegiada de resarcimiento según el criterio de la CIDH.

**Contestación a los hechos**

**Contexto fáctico**

En este apartado, Paulo Jenaro Díez Gargari expone "la versión de sus hechos", para efecto de informar al juez el contexto en el cual realiza sus publicaciones y que "justifican" las mismas. El demandado relata quién es él, Infraiber, quienes son IFM GIF e IFM Pty (y al parecer domina y conoce a la perfección su estructura corporativa y sus actividades), siendo en esta parte en la que vincula a IFM con Aleatica y demás subsidiarias. A partir de ello, comienza a realizar afirmaciones respecto del Parlamento Australiano y la supuesta investigación hacia IFM, sobre quien es Aleatica, el Circuito Exterior Mexiquense y todas las supuestas irregularidades relacionadas con este, haciendo referencia a Infraiber y la pérdida de su concesión. Hace alusión a la autopista Amozoc- Perote, refiriendo que la Secretaría de la Función Pública recomendó revocar la concesión otorgada a GANA en su informe de fiscalización del año 2019. Asimismo, hace referencia al Viaducto Bicentenario y las supuestas irregularidades en la explotación por parte de VBSA.

Es importante mencionar que el demandado expresamente refiere que el origen del conflicto deriva de la relación Aleatica-Infraiber, y describe como, en "colusión con el gobierno del Estado de México", le fue impedido a Infraiber instalar su sistema en el Circuito Exterior Mexiquense.

Finalmente, Paulo Jenaro Díez Gargari describe lo que hace llamar "la estafa bursátil" relacionada con la compra de las acciones de Aleatica por IFM GIF, para terminar describiendo la "campaña de hostigamiento y persecución" en contra del demandado e Infraiber, por parte del Estado y Aleatica.

**Contestación a los hechos**

En este apartado, Paulo Jenaro Díez Gargari se avoca a justificar cada una de las publicaciones objeto de la demanda, refiriendo que son opiniones, no informaciones, y que suponiendo sin conceder que fueran imputaciones de hechos, éstas se encuentran respaldadas con documentos e información cierta, acreditando su investigación diligente e

imparcial, lo que implica que sus publicaciones se encuentran protegidas. Es importante destacar que el demandado no niega la existencia de las publicaciones, sino que solamente niega que sean falsas, aduciendo que encuentran sustento en resoluciones de autoridades, y pretende arrojar la carga de la prueba a las actoras, para que sean estas quienes acrediten la falsedad de lo que afirma.

Asimismo, Paulo Jenaro Díez Gargari pretende "contextualizar" las publicaciones con hechos y elementos de prueba "objetivos y fácilmente verificables", refiriendo que existe evidencia documental irrefutable que las sustenta y haciendo referencia a todos los hechos a los que hizo alusión en el apartado de "Contexto fáctico".

Respecto de las cartas dirigidas a diversas autoridades, refiere que son producto de un análisis "serio y diligente de toda la información disponible". Asimismo, pretende respaldar sus afirmaciones con el hecho de que diversas autoridades han apuntado la corrupción de Aleatica, y precisamente porque éstas no han dicho que el análisis de Paulo Jenaro Díez Gargari es incorrecto, por ende, lo es. Aunado a que pretende justificar sus expresiones con el hecho de que como buen ciudadano, está exigiendo que las autoridades cumplan su función.

**Excepciones y defensas**

A continuación, se expondrán brevemente las excepciones procesales principales del demandado;

**Excepción de falta de capacidad de IFM GIF.**

A través de la mencionada excepción, Paulo Jenaro Díez Gargari señala que solo las personas tienen derecho al honor, por lo que IFM GIF, al ser un fideicomiso, carece de personalidad jurídica y por ende, carece de todo atributo o derecho de la personalidad.

**Excepción de falta de legitimación activa en la causa de IFM Pty.**

Paulo Jenaro Díez Gargari refiere que IFM Pty no se ha visto afectada por sus expresiones puesto que jamás se ha referido a esta en particular, sino únicamente a IFM GIF.

**Excepción de falta de legitimación pasiva en la causa de Paulo Diez.**

El demandado señala que hay ciertas publicaciones que no redactó, editó ni publicó, y niega su autoría del sitio web https://aurorasresearch.wordpress.com y la cuenta de la red social @AurorasResearch.

**Excepción de falta de acción y derecho con base en que la conducta desplegada por PJDG fue lícita en tanto se ejerció legítimamente su derecho a la libertad de expresión.**

En este apartado, el demandado pretende justificar sus expresiones argumentando que lo hace en ejercicio a su libertad de expresión, y que conforme al Código Penal Federal, el ejercicio del derecho a la libertad de expresión es una causa de justificación para intervenir en bienes jurídicos ajenos. Asimismo, reitera los argumentos expuestos en el capítulo de "Contexto Jurídico", particularmente, refiere que

sus mensajes son únicamente opiniones las cuales están protegidas constitucional y convencionalmente.

**Excepción de falta de acción derivada de la licitud de la conducta desplegada por Paulo Jenaro Díez Gargari.**

El demandado afirma que ha actuado de forma lícita, por lo que sus conductas no son merecedoras de responsabilidad. Asimismo, insiste en que sus expresiones son veraces, pues se encuentran fundadas en investigaciones y/o resoluciones emitidas por autoridades competentes. Reitera que sus expresiones son realizadas en estricto cumplimiento a un deber legal. Para sustentar esto último, Paulo Jenaro Díez Gargari cita diversos preceptos del Código Nacional de Procedimientos Penales que lo "obligan" a denunciar hechos probablemente constitutivos de delitos, asimismo, refiere que, en caso de no hacer tales denuncias, podría incurrir en el delito de encubrimiento. Además, reconoce que ha presentado en contra de las actoras y sus subsidiarias múltiples denuncias por la posible comisión de delitos financieros y federales ante la Fiscalía General de la República.

**Excepción de falta de acción y derecho en virtud de que la conducta desplegada por PJDG es lícita.**

En esta excepción, el demandado afirma que el ejercicio de su libertad de expresión está orientada a evitar un daño a la colectividad, objetivo que está por encima de los derechos de personalidad de IFM. El interés de la colectividad en general de que no se defraude al público inversionista prevalece frente a los derechos de IFM.

**Excepción de falta de acción en virtud de que PJDG no actuó con la intención de causarle un daño a IFM, sino producirle un beneficio objetivo a la población.**

Paulo Jenaro Díez Gargari señala que con sus publicaciones no busca causarle daño de algún tipo a las actoras, sino que tienen como fin último, alertar a los usuarios del circuito exterior mexiquense sobre la falta de justificación de la elevada tarifa que pagan, alertar al público inversionista de las irregularidades como consecuencia de la "estafa bursátil", remediar el engaño que han sufrido los inversionistas del mercado de valores, entre otras. En ese sentido, bajo su apreciación, la posible generación de beneficios objetivos y generales excluyen que Paulo Jenaro Díez Gargari haya realizado un ejercicio abusivo de su derecho a la libertad de expresión.

**Excepción derivada de que las declaraciones de Paulo Jenaro Díez Gargari están protegidas por la libertad de expresión al referirse a personas de proyección pública y versar sobre asuntos de interés general, aunado a que IFM no cumplió con el estándar de malicia efectiva.**

Los mensajes que se refieren a personas con proyección pública o versan sobre asuntos de relevancia pública e interés general alcanzan el grado más alto de protección y los particulares involucrados voluntariamente en asuntos públicos (lo que a su parecer es IFM) deben tolerar más las críticas. Cuando se está en este escenario, para que una persona sea sancionada por sus expresiones, el afectado debe acreditar la malicia efectiva, la intención de causar un daño, lo que bajo la apreciación del demandado, no es acreditado por IFM, razón por la cual debe ser absuelto de las prestaciones.

**Exceptio veritatis.**

Paulo Jenaro Díez Gargari argumenta que la información que transmite es veraz y se encuentra respaldada por un diligente ejercicio de investigación. Todas las imputaciones realizadas a IFM son ciertas, puesto que se desprenden de documentos públicos publicados por las actoras y así lo ha confirmado incluso diversos órganos gubernamentales.

**Excepción derivada de la falta de acreditación de un daño en el patrimonio moral de IFM Pty.**

El demandado refiere que IFM necesariamente debe acreditar que sus expresiones causaron una afectación en su honor que se materializa en una consecuencia patrimonial, por lo que debía narrar las lesiones que fueron provocadas en su esfera patrimonial. Para sustentar lo anterior, cita diversos criterios judiciales referentes a acciones civiles de daños y perjuicios.

**Excepción de falta de acción derivada de la ausencia de causalidad entre la conducta desplegada por Paulo Jenaro Díez Gargari y el daño sufrido por IFM.**

Paulo Jenaro Díez Gargari afirma que el daño moral causado a las actoras no es consecuencia directa e inmediata de las acciones del demandado, sino por el contrario, la imagen negativa por parte de terceras personas es consecuencia de sus conductas irregulares desplegadas por IFM desde que adquirió Aleatica y sus subsidiarias.

**Excepción derivada del hecho de que la única sanción que en su caso resultaría procedente sería permitir a IFM ejercer su derecho de réplica.**

Basándose en el marco jurídico convencional, el demandado afirma que en caso de proceder la acción promovida en su contra, la condena impuesta en su contra sólo podría consistir en permitir a IFM el ejercicio de su derecho de réplica, el que a su parecer, ya fue ejercido por las actoras mediante la creación de la cuenta de Twitter @RGCyKComLegal, puesto que han estado dado contestación a los mensajes publicados por el demandado.

**Condena en gastos y costas.**

El demandado solicita que las actoras sean condenadas a los gastos y costas generados por la tramitación del juicio puesto que, bajo su apreciación, la conducta de estas es temeraria o maliciosa, lo que actualiza la condena en términos de lo dispuesto por el código procesal local.

| | | |
|---|---|---|
| d | **Otra información necesaria o documentos**<br><br>*Other necessary information or documents\**<br><br>*Autres renseignements ou documents Utiles* | (*i*) Escrito Inicial de Demanda de fecha 3 de agosto de 2020; (*ii*) Resolución Judicial de Admisión de Demanda de fecha 12 de agosto de 2020; (*iii*) Escrito de Ofrecimiento de Pruebas de fecha 1 de marzo de 2021; (*iv*) Resolución Judicial de Admisión de Pruebas de fecha 17 de mayo de 2021; (*v*) Resolución Judicial de Admisión de Prueba Pericial en Materia de Informática de fecha 7 de junio de 2021; (*vi*) Resolución Judicial de Aceptación y Protesta de Cargo de Perito en Materia de Informática de fecha 23 de junio de 2021; (*vii*) Escrito de Solicitud de Información de Perito en Informática de fecha 27 de septiembre de 2022; (*viii*) Orden Judicial de Remisión de Cartas Rogatorias Internacionales de fecha 29 de noviembre de 2022. |

| | | |
|---|---|---|
| 8. *a* | **Prueba a practicar o cualquier otra actuación procesal que deba ejecutarse**<br><br>*Evidence to be obtained or other judicial act to be performed (Art. 3(d))*<br><br>*Actes d'instruction ou autres actes judiciaires à accomplir (art. 3(d))* | Se notifique y requiera a Automattic Inc., con domicilio ubicado en 330 N Brand Blvd. Glendale, California 91023-2336, EE. UU., por conducto de CT Corporation System, a efecto de que proporcione la información y documentación consistente en:<br><br>a) Nombre completo de la persona titular/creadora de la página https://aurorasresearch.wordpress.com/<br><br>b) Número de teléfono con el cual la página https://aurorasresearch.wordpress.com/ fue creada.<br><br>c) Correo electrónico con el cual la página https://aurorasresearch.wordpress.com/ fue creada.<br><br>d) Dirección IP con fecha/hora desde la cual se creó la página https://aurorasresearch.wordpress.com/<br><br>e) Dirección física que se desprende del uso de la página https://aurorasresearch.wordpress.com/ |
| *b* | **Finalidad de la prueba o actuación procesal interesado**<br><br>*Purpose of the evidence or judicial act sought*<br><br>*But des actes à accomplir* | Este medio probatorio acreditará que la cuenta de Twitter del Demandado, @PDiezG, es de las consideradas como weaponizing, con la cual pretende infligir daño en el honor y reputación de IFM, teniendo pleno conocimiento de la falsedad de la información que publica o da "a conocer" al público en general, simulando una amplia base de seguidores para "potenciar" la importancia y credibilidad de su cuenta, pretendiendo perfilarse como una fuente de información relevante, lo que no es -tan no lo es, que ha tenido que echar mano de "trampas" o artificios como son los denominados bots-, siendo que se ha dedicado a difundir información falsa o manipulada, utilizando su cuenta de Twitter como un arma de ataque en contra de las Actoras.<br><br>Asimismo, se ofrece para acreditar que el C. Paulo Jenaro Díez Gargari, y/o su familia o allegados han creado la cuenta de Twitter denominada "@AurorasResearch" con la evidente intención de hacerla pasar como la cuenta del Instituto de investigación real denominado Aurora Research o de un tercero ajeno, que hace publicaciones serias respecto de información corporativa y financieras de América Latina, que cita para "sustentar" sus propias publicaciones, pretendiendo que con ello adquieran un impacto mayor, sobre todo a nivel o en el ámbito internacional.<br><br>De igual forma, se acreditará que el C. Paulo Jenaro Díez Gargari, y/o su familia o allegados han creado la página de internet y/o blog https://aurorasresearch.wordpress.com/ con la evidente intención de hacer creer que es un instituto de investigación real que hace publicaciones serias respecto de información corporativa y financieras de América Latina, para "sustentar" las ilegales imputaciones que formula en contra de las Actoras y para tener un impacto mayor, sobre todo a nivel o en el ámbito internacional.<br><br>En ese sentido, se probará que hay elementos tecnológicos que acusan que dicha simulación es generada desde equipamiento en uso por el propio demandado o sus familiares, y la estrecha relación de publicación de cada uno de los tuits que publica el Demandado desde su cuenta o desde las satélites que creó para tal efecto, como se demostrará a través de esta probanza. |

| 9. | **Identidad y dirección de las personas que deban ser oídas**<br><br>*Identity and address of any person to be examined*<br><br>*(Art. 3(e))\**<br><br>*Identité et adresse des personnes à entendre (art. 3(e))* | Automattic Inc., con domicilio ubicado en 330 N Brand Blvd. Glendale, California 91023-2336, EE. UU., por conducto de CT Corporation System. |
|---|---|---|
| 10. | **Preguntas a practicar a la persona que debe ser oída o hechos por los que esta persona debe declarar.**<br><br>*Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Art. 3(f))\**<br><br>*Questions à poser ou faits sur lesquels les personnes susvisées doivent être entendues (art. 3(f))* | a) Nombre completo de la persona titular/creadora de la página https://aurorasresearch.wordpress.com/<br><br>b) Número de teléfono con el cual la página https://aurorasresearch.wordpress.com/ fue creada.<br><br>c) Correo electrónico con el cual la página https://aurorasresearch.wordpress.com/ fue creada.<br><br>d) Dirección IP con fecha/hora desde la cual se creó la página https://aurorasresearch.wordpress.com/<br><br>e) Dirección física que se desprende del uso de la página https://aurorasresearch.wordpress.com/ |
| 11. | **Documentos o propiedades que deban examinarse**<br><br>*Documents or other property to be inspected (Art. 3(g))\**<br><br>*Documents ou objets à examiner (art. 3(g))* | Insert description of documents or other property. Insertar descripción los documentos, inmuebles o propiedades a examiner (omitir si no procede). **NO PROCEDE.** |
| 12. | **Requisito procesal en el que debe prestarse el juramento, declaración o cualquier otra forma especial que deba llevarse a cabo**<br><br>*Any requirement that the evidence be given on oath or affirmation and any special form to be used (Art. 3(h))\**<br><br>*Demande de recevoir la déposition sous serment ou avec affirmation et, le cas échéant, indication de la formule à utiliser (art. 3(h))* | Se notifique y requiera a Automattic Inc., con domicilio ubicado en 330 N Brand Blvd. Glendale, California 91023-2336, EE. UU., por conducto de CT Corporation System, a efecto de que proporcione la información y documentación consistente en:<br><br>a) Nombre completo de la persona titular/creadora de la página https://aurorasresearch.wordpress.com/<br><br>b) Número de teléfono con el cual la página https://aurorasresearch.wordpress.com/ fue creada.<br><br>c) Correo electrónico con el cual la página https://aurorasresearch.wordpress.com/ fue creada.<br><br>d) Dirección IP con fecha/hora desde la cual se creó la página https://aurorasresearch.wordpress.com/<br><br>e) Dirección física que se desprende del uso de la página https://aurorasresearch.wordpress.com/ |

ESTADOS UNIDOS MEXICANOS<br>TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO<br>JUZGADO VIGÉSIMO NOVENO DE LO CIVIL DE PROCESO ESCRITO

| 13. | **Métodos de práctica particulares o procedimientos a seguir (ejemplo, verbal o escrita, transcripción literal o resumida, interrogatorio, etc.) (Arts 3(i) y 9)\*** | Rendición de informe escrito. |
|---|---|---|
| | *Special methods or procedure to be followed (e.g., oral or in writing, verbatim transcript or summary, cross-examination, etc.) (Arts 3(i) and 9)\** | |
| | *Formes spéciales demandées (déposition orale ou écrite, procès-verbal sommaire ou intégral, "cross-examination", etc.) (art. 3(i) et 9)* | |
| 14. | **Necesidad de notificación de lugar y tiempo de práctica de la prueba e identidad y dirección de la persona a la que notificar (art. 7)\*** | Para el caso que las partes o sus representantes vayan a estar presentes durante la práctica de la prueba (presencialmente o por videoconferencia), especificar nombre y dirección de las personas a notificar para la práctica (por ejemplo, puede ser el caso de las partes o sus representantes o, incluso, la autoridad requirente). Omitir si no procede. **NO PROCEDE.** |
| | *Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Art. 7)\** | |
| | *Demande de notification de la date et du lieu de l'exécution de la requête, de l'identité et de l'adresse de la ou des personnes à informer (art. 7)* | |
| 15. | **Solicitud de asistencia o participación de autoridad judicial procedente de la autoridad requirente para la ejecución de la comisión rogatoria.** | Si se considera necesario que la autoridad judicial procedente de la autoridad requirente esté presente en la ejecución , bien en persona bien mediante cualquier medio telemático, inserte por favor la solicitud de autorización. **NO PROCEDE.** |
| | *Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Art. 8)\** | |
| | *Demande d'assistance ou de participation des magistrats de l'autorité requérante à l'exécution de la commission rogatoire (art. 8)* | |



JUZGADO VIGÉSIMO NOVENO
DE LO CIVIL DE PROCESO ESCRITO

| 16. | **Especificación de alguna dispensa o prohibición de declarar previstas en la legislación del Estado raquirente.**<br><br>*Specification of privilege or duty to refuse to give evidence under the law of the Requesting State (Art. 11(b))\**<br><br>Spécification des dispenses ou interdictions de déposer prévues par la loi de l'État requérant (art. 11(b)) | Especifique la existencia de alguna dispensa o prohibición de declarar según la legislación del Estado requirente que pueda ser invocada por la persona que deba prestar declaración. **NO PROCEDE.** |
|---|---|---|
| 17. | **Las costas y gastos en que se haya incurrido y que son reembolsables  conforme el párrafo segundo del artículo 14 o conforme el artículo 26 de la Convención serán soportadas por:**<br><br>*The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:\**<br><br>Les taxes et frais donnant lieu à remboursement en vertu de l'article 14, alinéa 2 et de l'article 26 seront réglés par :* | (*i*) IFM GLOBAL INFRASTRUCTURE FUND, actuando a través de su Fiduciario CONYERS TRUST COMPANY (CAYMAN) LIMITED, e; (*ii*) IFM INVESTORS PTY LTD; ambas con domicilio ubicado en Avenida Boulevard Manuel Ávila Camacho 32, Piso 11, "Torre Esmeralda III", Colonia Lomas de Chapultepec, Código Postal 11000, Alcaldía Miguel Hidalgo, Ciudad de México, México. |

| **Date of request**<br>*Date de la requête* | 30 de noviembre de 2022. |
|---|---|
| **Signature and seal of the requesting authority**<br>*Signature et sceau de l'autorité requérante* | |

***Omitir si no procede/** Omit if not applicable / Ne remplir qu'en cas de nécessité*

JUZGADO VIGÉSIMO NOVENO
DE LO CIVIL DE PROCESO ESCRITO

--------------------------------CARTA ROGATORIA INTERNACIONAL-------------------------------------
EL CIUDADANO LICENCIADO JOSÉ ARTURO ÁNGEL OLVERA, JUEZ VIGÉSIMO NOVENO DE LO CIVIL DE LA CIUDAD DE MÉXICO, A USTED C. JUEZ COMPETENTE EN EL ESTADO DE CALIFORNIA DE LOS ESTADOS UNIDOS DE AMÉRICA, TENGO EL HONOR DE DIRIGIRME. ---
---------------------------------------------HAGO SABER---------------------------------------------------
Que en los autos del juicio ORDINARIO CIVIL promovido por IFM GLOBAL INFRASTRUCTURE FUND Y OTROS en contra de PAULO JENARO DÍEZ GARGARI, con número de expediente 288/2020, Secretaría "B", ante el Juzgado VIGÉSIMO NOVENO DE LO CIVIL DE LA CIUDAD DE MÉXICO, UBICADO EN AVENIDA NIÑOS HÉROES NO. 132, PISO 5, COLONIA DOCTORES, ALCALDÍA CUAUHTÉMOC, CÓDIGO POSTAL 06720, CIUDAD DE MÉXICO, se han dictado los autos que a continuación se transcriben:

---**Ciudad de México, a veintiuno de noviembre de dos mil veintidós**. - - - A sus autos el escrito de cuenta que suscribe el C. JOSÉ ANTONIO GARCÍA CRUZ, en su carácter de Perito en Informática, designado por la parte ACTORA, a quien se le tienen por hechas sus manifestaciones y, en consecuencia, por corresponder al estado de los autos, tomando en consideración que, mediante proveídos de fechas diecisiete de mayo y siete de junio, ambas del año dos mil veintiuno, fue admitida la a PRUEBA PERICIAL EN MATERIA DE INFORMATICA ofrecida por la parte ACTORA, en atención a que dicha probanza tiene como finalidad acreditar que la cuenta de la red social denominada Twitter del demandado @PDiezG, es de las consideradas como weaponizing, con la cual se pretende infringir daño en el honor y reputación de la actora, así como que, mediante proveídos de fechas veintitrés de junio, veintisiete de agosto y diez de noviembre, todas de dos mil veintiuno, fueron ordenadas diversas diligencias judiciales tendientes a allegarse de los elementos necesarios para el desahogo de la mencionada prueba, sin que a la presente fecha se cuente con tal información y documentación materia del análisis pericial propuesto por la oferente, y toda vez que el medio de convicción en cita fue admitido en los términos precisados por la accionante en el contenido de su escrito de ofrecimiento de pruebas de fecha uno de marzo de dos mil veintiuno, esto es, en el entendido de que los peritos designados por las partes y, en su caso, aquel designado por este Juzgador, deberán rendir su respectivo dictamen, previo análisis e inspección de (i) los contenidos de la cuenta "@PDiezG" de Twitter y sus publicaciones desde su creación y hasta la fecha de la realización del dictamen; (ii) los contenidos de la cuenta "@AurorasResearch" de Twitter y sus publicaciones desde su creación y hasta la fecha de la realización del dictamen; (iii) el contenido de la página de internet y/o blog https://aurorasresearch.wordpress.com/; (iv) el Reporte y/o Estudio Técnico de la cuenta @AurorasResearch, elaborado y emitido el día 31 de julio de 2020 por el perito Víctor Jorge Salamanca Silva, y; (v) las publicaciones descritas en la demanda inicial y que se encuentran reproducidas en los instrumentos públicos identificados por la ACTORA en dicho escrito; aunado a que, en términos de lo referido por los artículos 279 y 289 del Código de Procedimientos Civiles para el Distrito Federal, el suscrito se encuentra en aptitud de decretar en todo tiempo sea cual fuere la naturaleza del negocio, la práctica o ampliación de cualquiera diligencia probatoria, siempre que sea conducente para el conocimiento de la verdad sobre los puntos cuestionados, con la única limitación de que, en la práctica de estas diligencias, se salvaguarde la igualdad procesal entre las partes; lo que a su vez encuentra sustento en la tesis con rubro *"PRUEBA PERICIAL EN EL AMPARO. EL JUEZ DE DISTRITO DEBE REQUERIR A LA AUTORIDAD RESPONSABLE LA INFORMACIÓN NECESARIA PARA ANALIZAR ASPECTOS TÉCNICOS, SOLICITADA POR LOS PERITOS PARA ELABORAR SU DICTAMEN"* y datos de identificación *"Registro digital: 2008917, Instancia: Tribunales Colegiados de Circuito, Tesis: I.1o.A.E.27 K (10a.), Décima Época, Libro 17, Abril de 2015, Tomo II, página 1812, Materia(s): Común"*; se procede a acordar respecto a las peticiones que se formulan, en los términos siguientes:

En términos de lo dispuesto por los artículos 105, 108, 109, 295, 604 y 605 del Código de Procedimientos Civiles para el Distrito Federal, los artículos 548, 549, 550, 551, 552, 553 y 556 del Código Federal de Procedimientos Civiles, los artículos 1, 2, 3, 4, 9, 10 y 13 del Convenio sobre la Obtención de Pruebas en el Extranjero en Materia Civil o Comercial, se ordena girar atentas Cartas Rogatorias Internacionales, con los insertos necesarios, a la Oficina de Asistencia Judicial Internacional del Departamento de Justicia de los Estados Unidos de América, que funge como Autoridad Central designada por el gobierno de dicho país, a que hace referencia el artículo 2 de la Convención Internacional en cita, a fin de que se requiera a:

1) Google LLC, con domicilio ubicado en 1600 Amphitheatre Parkway, Mountain View, California, 94043, EE. UU., a efecto de que proporcione la información y documentación consistente en:

a) El nombre completo de la persona creadora/titular del correo electrónico aurorasresearchinfo@gmail.com.
b) Fecha de nacimiento de la persona creadora/titular del correo electrónico aurorasresearchinfo@gmail.com.
c) Género de la persona creadora/titular del correo electrónico aurorasresearchinfo@gmail.com.
d) Número de teléfono con el cual el correo electrónico aurorasresearchinfo@gmail.com fue registrado y/o creado.
e) Historial de las personas titulares del correo electrónico aurorasresearchinfo@gmail.com, incluyendo su nombre completo, fecha de nacimiento, número telefónico y género.
f) Dirección de correo electrónico de recuperación correspondiente al correo electrónico aurorasresearchinfo@gmail.com.
g) ID del dispositivo en el cual fue creado el correo electrónico aurorasresearchinfo@gmail.com.
h) Historial de las direcciones IP's registradas en uso del correo electrónico aurorasresearchinfo@gmail.com.

2) Automattic Inc., con domicilio ubicado en 330 N Brand Blvd. Glendale, California 91023-2336, EE. UU., debiendo dirigirse la petición a CT Corporation System, a efecto de que proporcione la información y documentación consistente en:

a) Nombre completo de la persona titular/creadora de la página https://aurorasresearch.wordpress.com/
b) Número de teléfono con el cual la página https://aurorasresearch.wordpress.com/ fue creada.
c) Correo electrónico con el cual la página https://aurorasresearch.wordpress.com/ fue creada.
d) Dirección IP con fecha/hora desde la cual se creó la página https://aurorasresearch.wordpress.com/
e) Dirección física que se desprende del uso de la página https://aurorasresearch.wordpress.com/

3) Twitter Inc., con domicilio ubicado en 1355 Market Street, Suite 900, San Francisco, California, 94103, EE. UU., a efecto de que proporcione la información y documentación consistente en:

a) Datos de las Cuentas de Twitter @PDiezG y @AurorasResearch
b) Historial de las Cuentas antes identificadas
c) Aplicaciones y dispositivos asociados a las cuentas antes identificadas
d) Historial de las direcciones IP's registradas en cada una de las cuentas arriba descritas.
e) Registro de Actividad de cada una de las cuentas antes identificadas

f) Números Telefónicos con las que se encuentra configurada cada una de las cuentas antes identificadas.

g) Cuenta de Correo electrónico de cada una de dichas cuentas.

h) Fecha de nacimiento de cada una de las cuentas.

i) El total de datos de registro e identificatorios de las cuentas @PDiezG y @AurorasResearch.

Lo que deberá hacerse por conducto de la Autoridad Central designada por el Estado Mexicano, la Dirección General de Asuntos Jurídicos de la Secretaría de Relaciones Exteriores, así como a través del llenado del formulario de "COMISIÓN ROGATORIA del Convenio de 18 de marzo de 1970 sobre la Obtención de Pruebas en el Extranjero en Materia Civil o Comercial", mismo que en esta fecha se pone a disposición de la parte interesada, y que deberá contener la relación de los elementos pertinentes para el cumplimiento de las diligencias encomendadas, a que hace referencia el artículo 3 de la Convención, en específico, a) la autoridad requirente y, a ser posible, la autoridad requerida; b) identidad y dirección de las partes y, en su caso, de sus representantes; c) la naturaleza y objeto de la demanda, así como una exposición sumaria de los hechos; d) las pruebas que hayan de obtenerse o cualesquiera actuaciones judiciales que hayan de realizarse. Cuando proceda, en la carta rogatoria se consignará también: e) los nombres y dirección de las personas que hayan de ser oídas; f) las preguntas que hayan de formularse a las personas a quienes se deba tomar declaración o los hechos acerca de los cuales se les deba oír; g) los documentos u otros objetos que hayan de examinarse; h) la solicitud de que la declaración se preste bajo juramento o por afirmación solemne sin juramento y, cuando proceda, la indicación de la fórmula que haya de utilizarse, e; i) las formas especiales cuya aplicación se solicite conforme a lo dispuesto en el artículo 9; en el entendido de que la parte ACTORA tendrá la carga procesal de exhibir, por triplicado, ante este órgano jurisdiccional la documentación antes referida, traducida al idioma oficial del Estado requerido, para que integrada que sea la Carta Rogatoria Internacional ordenada, debidamente foliada, sellada y rubricada por este Juzgado, se ponga a disposición de la parte ACTORA a efecto de que, en auxilio de las labores de administración de justicia, realice los trámites que correspondan para su remisión y cumplimiento, en la inteligencia de que, de conformidad con el artículo 14 del Tratado Internacional de referencia, la parte interesada deberá sufragar los gastos inmediatos que resulten necesarios para la debida preparación y desahogo de la probanza en cuestión. NOTIFÍQUESE.- Lo proveyó y firma el Ciudadano Licenciado JOSÉ ARTURO ÁNGEL OLVERA, Juez Vigésimo Noveno de lo Civil de Proceso Escrito por Ministerio de Ley, por ante su C. Secretaria de Acuerdos, Licenciada LUZ MARIANA GRANADOS GUTIÉRREZ, con quien actúa, autoriza y dan fe. DOY FE. ----------------

---**Ciudad de México, a veintitrés de junio de dos mil veintiuno**. - - - A sus autos el escrito de cuenta que suscribe el C. JOSÉ ANTONIO GARCÍA CRUZ, en su carácter de Perito en Informática, designado por la parte actora, en términos de que se le tiene exhibiendo copia certificada de su cédula profesional, que lo acredita como licenciado en informática, la que se agrega en autos y, se le tiene por presentado, aceptando y protestando el cargo conferido, manifestando que conoce los puntos cuestionados, relativos a la prueba pericial, cargo que se le discierne con el cúmulo de facultades y obligaciones inherentes a los de su clase y, como lo solicita, gírense los oficios que solicita a la empresa TWITTER, cuya razón social es TWITTER MÉXICO, S.A. DE C.V., con domicilio ubicado en Montes Urales número 424, Lomas Virreyes, colonia Lomas de Chapultepec, 5ta Sección, Alcaldía Miguel Hidalgo, Ciudad de México, Código Postal 11000, a efecto de que se sirva proporcionar la información ahí solicitada y, una vez que sea rendida dicha información, gírese atento oficio a TELMEX (TELEFONOS DE MÉXICO), con domicilio en Av. Parque Vía número 190, Colonia Cuauhtémoc, C.P. 06599, en México, Ciudad de México, a TELCEL (RADIOMOVIL DIPSA, S.A. DE C.V.), con domicilio en Lago Zúrich 245, Plaza Carso, Edificio Telcel, Col. Ampliación Granda, Alcaldía Miguel Hidalgo, C.P. 11529, Ciudad de México, México y, a AT&T (AT&T COMERCIALIZACIÓN MÓVIL, S. DE R.L. DE C.V.), con domicilio en Río Lerma número 232, Torre Diana, Piso 20, Colonia Cuauhtémoc, Delegación Cuauhtémoc, Ciudad de México, C.P.

06500 a efecto de que se sirvan rendir la información solicitada por el perito, en el escrito de cuenta; de igual forma, por lo que, proceda encargada de turno, a elaborar los oficios de estilo correspondiente y, hecho que sea, pónganse a disposición de la parte interesada, a efecto de que proceda a su diligenciación. Por otra parte, en relación al requerimiento que solicita para el demandado, no ha lugar a proveer de conformidad, en virtud de que su petición constituye una pesquisa lo cual se encuentra prohibido por la ley. Por último, puede comparecer cualquier día y hora hábil, en los que éste juzgado labore a puerta cerrada, para consultar los autos y documentos necesarios para la elaboración de su dictamen, previa razón que deje en autos, por su comparecencia para consultar los autos y expediente; por lo que, el término de DIEZ DÍAS, para que los peritos presenten su dictamen, empezará a contar a partir de que se haya dado cumplimiento a todo lo solicitado y ordenado en el presente escrito. Proveído que se emite con esta fecha, con base base en el Acuerdo Volante V-31/2020, emitido el cinco de agosto de dos mil veinte por el Pleno del Consejo de la Judicatura de la Ciudad de México, en dónde se determinó la suspensión de términos procesales en las Salas Civiles y Familiares, Juzgados Civiles y Familiares de Proceso Escrito y Proceso Oral, así como en los Juzgados Civiles de Cuantía Menor, única y exclusivamente respecto de los días en que dichos juzgados laboran y desarrollan sus Actividades a Puerta Cerrada. Por otra parte, y por motivo de salud pública y la emergencia sanitaria COVID-19, ha resultado necesario adoptar medidas tendentes a preservar la salud, así como también hacer frente a la propagación y evitar contagios derivado de la pandemia declarada, y tomando en consideración el ya autorizado "Plan de Contingencia para el Poder Judicial de la Ciudad de México"; atendiendo a la circular número 15/2020 emitida por el Consejo de la Judicatura de la CDMX y en cumplimiento a lo ordenado en el acuerdo 27-17/2020 de fecha veinticinco de mayo de dos mil veinte, del cual se desprenden los "Lineamientos para la práctica de notificaciones electrónicas en materia Civil y Familiar de este H. Tribunal", en tal virtud, se invita a la parte actora y parte demandada para que en la siguiente actuación, proporcionen su correo electrónico, teléfono celular o cualquier otro medio para la recepción de mensajes de texto (SMS), aplicaciones de mensajería móvil (WhatsApp, Messenger, Telegram), lo anterior con la finalidad de dar cumplimiento al acuerdo antes pronunciado, y así estar en aptitud de llevar a cabo la práctica de las notificaciones que se ordene en autos. NOTIFÍQUESE.- Lo proveyó y firma el Ciudadano Licenciado FRANCISCO SERGIO LIRA CARREON, Juez Vigésimo Noveno de lo Civil, por ante su C. Secretaria de Acuerdos, Licenciada LUZ MARIANA GRANADOS GUTIÉRREZ, con quien actúa, autoriza y dan fe. DOY FE. --------------------------------------------------------------------------------

---**Ciudad de México, a siete de junio de dos mil veintiuno.** - - - A sus autos el escrito presentado de manera digital, ante la oficialía de partes virtual de éste juzgado, que suscribe el C. CARLOS DAVID VILLASANTE SANTOYO, mandatario judicial del demandado PAULO JENARO DIEZ GARGARI, a quien se le tiene desahogando la vista que se le mandó dar en el auto de fecha diecisiete de mayo de dos mil veintiuno, respecto de la prueba pericial en informática ofrecida por la parte actora, en consecuencia, por corresponder al estado de los autos, se procede a acordar respecto a la admisión o desechamiento de la PRUEBA PERICIAL EN MATERIA DE INFORMATICA ofrecida por la parte ACTORA, en los siguientes términos: Tomando en consideración que dicha probanza tiene como finalidad acreditar que la cuenta de la red social denominada Twitter del demandado @PDiezG, es de las consideradas como weaponizing, con la cual se pretende infringir daño en el honor y reputación de la actora IFM, el suscrito determina que la misma es pertinente, por lo cual, se admite la citada probanza. En tal virtud, se tiene a la parte actora, designando como perito de su parte al licenciado JOSÉ ANTONIO GARCÍA CRUZ, por lo cual, queda obligado el oferente de la prueba a que su perito, dentro del plazo de tres días, presente escrito en el que acepten el cargo conferido y protesten su fiel y legal desempeño, debiendo anexar el original o copia certificada de su cédula profesional o documentos que acredite su calidad de perito en el arte, técnica o industria para el que se les designa; manifestando, bajo protesta de decir verdad, que conoce los puntos cuestionados tanto por la parte actora, como de la ampliación del cuestionario propuestos por las partes, así como los pormenores relativos a la pericial, así como que tiene la capacidad suficiente para emitir dictamen sobre

el particular, quedando obligado a rendir su dictamen dentro de los diez días siguientes a la fecha haya presentado el escrito de aceptación y protesta del cargo de perito, con el apercibimiento para el oferente que en caso de no hacerlo se declarará desierta la prueba. Asimismo, se tiene al demandado, designado como perito de su parte al licenciado ALFREDO CHRISTIAN MARTÍNEZ DE ARREDONDO GASQUE, quedando obligado a que su perito, dentro del plazo de tres días, presente escrito en el que acepte el cargo conferido y proteste su fiel y legal desempeño, debiendo anexar el original o copia certificada de su cédula profesional o documentos que acredite su calidad de perito en el arte, técnica o industria para el que se le designa; manifestando, bajo protesta de decir verdad, que conoce los puntos cuestionados tanto por la parte actora, como de la ampliación del cuestionario propuestos por las partes, así como los pormenores relativos a la pericial, así como que tiene la capacidad suficiente para emitir dictamen sobre el particular, quedando obligado a rendir su dictamen dentro de los diez días siguientes a la fecha haya presentado el escrito de aceptación y protesta del cargo de perito, con el apercibimiento para el oferente que en caso de no hacerlo se le tendrá por conforme con el dictamen que, en su caso, rinda el perito de su contraria, conforme a lo previsto por la fracción VI del artículo 347 del Código de Procedimientos Civiles. Por otra parte, como lo solicita la parte actora en su escrito de ofrecimiento de pruebas, se previene a la parte actora, para que se abstenga de hacer modificaciones a los estados hechos con anterioridad, así como a los permisos, accesos, publicaciones, de dicha cuenta, bajo el apercibimiento de que, en caso de hacerlo, se tendrán por ciertos los hechos que se pretenden demostrar con la presente probanza. Proveído que se emite con esta fecha, con base base en el Acuerdo Volante V-31/2020, emitido el cinco de agosto de dos mil veinte por el Pleno del Consejo de la Judicatura de la Ciudad de México, en dónde se determinó la suspensión de términos procesales en las Salas Civiles y Familiares, Juzgados Civiles y Familiares de Proceso Escrito y Proceso Oral, así como en los Juzgados Civiles de Cuantía Menor, única y exclusivamente respecto de los días en que dichos juzgados laboran y desarrollan sus Actividades a Puerta Cerrada. Por otra parte, y por motivo de salud pública y la emergencia sanitaria COVID-19, ha resultado necesario adoptar medidas tendentes a preservar la salud, así como también hacer frente a la propagación y evitar contagios derivado de la pandemia declarada, y tomando en consideración el ya autorizado "Plan de Contingencia para el Poder Judicial de la Ciudad de México"; atendiendo a la circular número 15/2020 emitida por el Consejo de la Judicatura de la CDMX y en cumplimiento a lo ordenado en el acuerdo 27-17/2020 de fecha veinticinco de mayo de dos mil veinte, del cual se desprenden los "Lineamientos para la práctica de notificaciones electrónicas en materia Civil y Familiar de este H. Tribunal", en tal virtud, se invita a la parte actora y parte demandada para que en la siguiente actuación, proporcionen su correo electrónico, teléfono celular o cualquier otro medio para la recepción de mensajes de texto (SMS), aplicaciones de mensajería móvil (WhatsApp, Messenger, Telegram), lo anterior con la finalidad de dar cumplimiento al acuerdo antes pronunciado, y así estar en aptitud de llevar a cabo la práctica de las notificaciones que se ordene en autos. NOTIFÍQUESE.- Lo proveyó y firma el Ciudadano Licenciado FRANCISCO SERGIO LIRA CARREON, Juez Vigésimo Noveno de lo Civil, por ante su C. Secretaria de Acuerdos, Licenciada LUZ MARIANA GRANADOS GUTIÉRREZ, con quien actúa, autoriza y dan fe. DOY FE. ----------------------------------------------------------------------------------------------------------------

---**Ciudad de México, a diecisiete de mayo de dos mil veintiuno.** - - - A sus autos el escrito de cuenta que suscribe el C. ALEJANDRO DEL CASTILLO RAMÍREZ, en representación de la parte actora, se tienen por hechas sus manifestaciones y, como lo solicita, atendiendo al estado procesal que guardan los presentes autos, se procede a dictar auto admisorio de pruebas, en los siguientes términos: Por lo que se refiere a las pruebas ofrecidas por la PARTE ACTORA, se admiten, haciendo la aclaración que, por lo que se refiere a las pruebas documentales marcadas con los números 3 y 28, de su escrito ofertorio de pruebas, se tratan de copias simples, la documental marcada con el número 6, es referente a la escritura número 31,906 (treinta y un mil novecientos seis) de fecha diecinueve de marzo de dos mil veinte, y no al número y fecha que de manera errónea señala el oferente, lo mismo ocurre con la documental marcada con el número 7, pues la misma es relativa a la escritura número

31,098 (treinta y un mil noventa y ocho) de fecha diecinueve de marzo de dos mil veinte, y no al número y fecha que erróneamente señala la parte actora. Ahora, respecto a las pruebas marcadas con los números 5, 19 y 35, toda vez que la parte actora, refiere que los medios de prueba se encuentran almacenados en las memorias USB y disco compacto que se encuentran resguardados en el seguro del juzgado, se admiten, debiendo el oferente ministrar los aparatos o elementos necesarios para su reproducción para el día y hora que habrá de señalarse en el presente auto para su desahogo, apercibida que, en caso de no suministrarlos medios suficientes para hacerlos, se dejará de recibir dicha probanza por causas imputables a su oferente, lo anterior en términos de lo dispuesto por el artículo 374 del código procesal local. Por otra parte, de la prueba documental identificada con el numeral 26. de su escrito ofertorio de pruebas, relativa a la documental consistente en la copia simple del escrito inicial de demanda, mediante el cual solicita copia certificada de diverso juicio, al que hace referencia, en relación con la prueba marcada con el número 37, se puede apreciar que se encuentran relacionadas, por lo que como lo solicita, se ordena girar atento oficio al C. JUEZ DÉCIMO TERCERO DE LO CIVIL DEL TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO, para efecto de que remita a esta H. Autoridad copia certificada del escrito inicial de demanda promovido por Paulo Jenaro Diez Gargari en contra de José Andrés de Oteyza y Fernández Valdemoro, que obra en los autos del expediente número 487/2015, por lo que, proceda persona encargada del turno, a elaborar el instructivo correspondiente y, hecho que sea, póngase a disposición de la parte actora, a efecto de que proceda a su diligenciación, a quien se le previene para que haga las gestiones necesarias para tal fin, debiendo exhibirlas a más tardar el día de la audiencia que se señale para el desahogo de pruebas, con el apercibimiento que, en caso de no hacerlo, se dejará de recibir dicha probanza, por causas imputables a su oferente. Respecto a la prueba documental marcada con el número 32, se trata de un escrito de solicitud de copia de una averiguación previa, misma que se encuentra relacionada con la prueba marcada con el número 39, por lo que, como lo solicita, se ordena girar atento oficio a la SUBPROCURADURÍA ESPECIALIZADA EN INVESTIGACIÓN DE DELITOS FEDERALES (SEIDF), para efecto de que remita a esta H. Autoridad copia certificada de la declaración efectuada por Juan Luis Osuna Gómez, el 22 de febrero de 2016, en la averiguación previa A.P. 702/UEIDAPLE/LE/1/2015, por lo que, proceda persona encargada del turno, a elaborar el instructivo correspondiente y, hecho que sea, póngase a disposición de la parte actora, a efecto de que proceda a su diligenciación, a quien se le previene para que haga las gestiones necesarias para tal fin, debiendo exhibirlas a más tardar el día de la audiencia que se señale para el desahogo de pruebas, con el apercibimiento que, en caso de no hacerlo, se dejará de recibir dicha probanza, por causas imputables a su oferente. En relación con el informe que solicita la actora, descrito en la prueba marcada con el número 34. de su escrito ofertorio de pruebas, atendiendo a las manifestaciones de la actora en relación con los mismos, se ordena girar atento oficio al C. Director del Registro Público de la Propiedad y del Comercio de la Ciudad de México para efecto de que se sirva remitir copia certificada de los folios mercantiles de las sociedades denominadas TECNOLOGÍA APLICADA INFRAIBER, S.A. de C.V. con folio mercantil electrónico 447056, ADMINISTRADORA ACCIONARIA INFRAIBER, S.A. de C.V. con folio mercantil electrónico 445853 y CONTROL ACCIONARIO INFRAIBER. S.A. de C.V. con folio mercantil electrónico 447674, por lo que, proceda persona encargada del turno, a elaborar el instructivo correspondiente y, hecho que sea, póngase a disposición de la parte actora, a efecto de que proceda a su diligenciación, a quien se le previene para que haga las gestiones necesarias para tal fin, debiendo exhibirlas a más tardar el día de la audiencia que se señale para el desahogo de pruebas, con el apercibimiento que, en caso de no hacerlo, se dejará de recibir dicha probanza, por causas imputables a su oferente. Por cuanto hace al informe identificado bajo el numeral 38, se ordena girar atento oficio al Sistema de Autopistas Aeropuertos, Servicios Conexos y Auxiliares del Estado de México para efecto de que se sirva remitir copia certificada del Convenio Marco de fecha 18 de marzo de 2011 y su Primer Convenio Modificatorio, celebrados por la empresa INFRAIBER con el GOBIERNO DEL ESTADO DE MÉXICO, a través del SISTEMA DE AUTOPISTAS AEROPUERTOS, SERVICIOS CONEXOS Y AUXILIARES DEL ESTADO DE MÉXICO, por lo que, proceda persona encargada del turno, a

elaborar el instructivo correspondiente y, hecho que sea, póngase a disposición de la parte actora, a efecto de que proceda a su diligenciación, a quien se le previene para que haga las gestiones necesarias para tal fin, debiendo exhibirlas a más tardar el día de la audiencia que se señale para el desahogo de pruebas, con el apercibimiento que, en caso de no hacerlo, se dejará de recibir dicha probanza, por causas imputables a su oferente. Por lo que se refiere a la prueba marcada con el número 40 de su escrito ofertorio de prueba, relativa a la PERICIAL EN MATERIA DE INFOMÁTICA, previo a acordar en torno a su admisión o no, se manda dar vista la parte contraria, para que, dentro del término de TRES DÍAS, se pronuncie en torno a su pertinencia, atento a lo establecido por el artículo 348 del Código de Procedimientos Civiles y; Por lo que se refiere a la prueba marcada con el número 41 del escrito ofertorio de pruebas toda vez que la misma se trata de la CONFESIONAL a cargo del demandado PAULO JENARO DIEZ GARGARI, se le manda citar. MEDIANTE NOTIFICACIÓN PERSONAL, para que, acuda al local de este juzgado, el día y hora que habrá de señalarse para la Audiencia de Desahogo de las Pruebas confesionales, para que por sí, y no por conducto de apoderado o representante legal alguno, absuelva posiciones que habrán de efectuársele, previa su calificación de legal, apercibido que, en caso de no comparecer sin justa causa, se le tendrá por confeso de las mismas, previniendo a la oferente para que, a más tardar el día de la audiencia, presente sobre con pliego de posiciones que habrá de absolver el demandado o bien, las formule verbalmente, apercibida que en caso de no hacerlo así, se declarará desierta por falta de interés jurídico, por lo que, se ordena elaborar la cédula de notificación correspondiente y, hecho que sea, túrnese al C. Secretario Actuario de la adscripción, a efecto de que proceda a su diligenciación. Ahora bien, por lo que se refiere a las pruebas ofrecidas por el demandado PAULO JENARO DIEZ GARGARI, se procede a proveer en el orden en que fueron ofrecidas, así, por lo que se refiere a las marcadas con los números 1 y 2, toda vez que se trata de pruebas confesionales, a cargo de la sociedad IFM INVESTORS PTY LTD y de la sociedad IFM GLOBAL INFRASTRUCTURE FUND actuando a través de su Fiduciario CONYERS TRUST COMPANY (CAYMAN) LIMITED, CÍTESE PERSONALMENTE a dichas empresas, para que el día y hora que se señale en el presente auto para el desahogo de dicha probanza, comparezcan al local de éste H. Juzgado a absolver posiciones por conducto de apoderado legal o persona facultada, absuelva posiciones que habrán de efectuársele, previa su calificación de legal, apercibidos que, en caso de no comparecer sin justa causa, se les tendrá por confesas de las mismas, previniendo al oferente para que, a más tardar el día de la audiencia, presente sobre con pliego de posiciones que habrán de absolver las actoras o bien, las formule verbalmente, apercibido que en caso de no hacerlo así, se declarará desierta por falta de interés jurídico, por lo que, se ordena elaborar la cédula de notificación correspondiente y, hecho que sea, túrnese al C. Secretario Actuario de la adscripción, a efecto de que proceda a su diligenciación. Por lo que se refiere a las pruebas marcadas con los números 3, 4 y 5, toda vez que se trata PRUEBAS PERICIALES, en materia de CONTABILIDAD DE CONYERS, PÉRICIAL EN CONTABILIDAD SOBRE LA CONTABILIDAD DE IFM PTY y, PERICIAL EN CONTABILIDAD SOBRE LA CONTABILIDAD DE MAGENTA INFRAESTRUCTURA, S.L. respectivamente, previo a acordar en torno a su admisión o no, se manda dar vista la parte contraria, para que dentro del término de TRES DÍAS, se pronuncie en torno a su pertinencia, atento a lo establecido por el artículo 348 del Código de Procedimientos Civiles. Por lo que se refiere a las pruebas testimoniales marcadas con los números 6, 8, 11, 12, 13, 14 y 15, tomando en consideración lo establecido en el artículo 357 del Código de Procedimientos Civiles, el mismo establece como obligación de la parte que ofrece dicha probanza, que presente a sus testigos y, cuando tenga impedimento para hacerlo, deberá manifestar, bajo protesta de decir verdad, las causas de su imposiblidad, lo que, en el caso concreto no ocurre, puesto que el oferente no manifiesta bajo protestad de decir verdad, cuales son las causas o motivos por los cuales no puede presentar a su testigo, por lo que éste juzgador no puede calificarlas, en términos del artículo en cita, por lo que, no se admiten dichas testimoniales, amén de que la ley no establece la posibilidad de girar oficios de búsqueda para los testigos que se ofrezcan dentro del procedimiento. Por lo que se refiere a las pruebas testimoniales marcadas con los números 7, 9, 10, 16, 17 y 18, de su escrito de ofrecimiento de pruebas, tampoco se admiten, puesto que, de igual manera, no

manifiesta bajo protesta de decir verdad, las causas o impedimentos que tenga para presentar a los testigos, por lo que éste juzgado no puede calificar sus motivos para hacerlo, en términos de lo establecido por el artículo 357 del Código de Procedimientos Civiles, aunado a lo anterior, refiere que, se giran oficios de búsqueda para su localización, lo cual no se encuentra establecido por la ley y, a mayor abundamiento, el domicilio que proporciona de sus testigos, se encuentra fuera de la jurisdicción de éste juzgado, sin que hubiere solicitado la ampliación del término para el desahogo de pruebas, por tratarse de prueba foránea, según lo enunciado en el artículo 300 del Código de Procedimientos Civiles. Por lo que se refiere a la prueba marcada con el número 19, relativa a la PRUEBA DE RECONOCIMIENTO Y RATIFICACION DE CONFESIONES JUDICIALES, toda vez que la misma se trata del reconocimiento de contenido y firma del escrito inicial de demanda y del escrito de desahogo de las excepciones opuestas por el demandado, se manda citar MEDIANTE NOTIFICACIÓN PERSONAL a las actoras IFM GLOBLAL INFRASTRUCTURE FUND a través de su Fiduciario CONYERS TRUST COMPANY (CAYMAN) LIMITED e IFM INVESTORS PTY LTD, para que, el día y hora que habrá de señalarse para tal efecto, acuda al local de éste juzgado, por conducto de apoderado con facultades suficientes, al reconocimiento del contenido y firma en cita, con el apercibimiento que, en caso no hacerlo así, se le tendrá por reconocido, por lo que se ordena elaborar la cédula de notificación correspondiente y, hecho que sea túrnese al C. Secretario Actuario de la adscripción. Por lo que se refiere la prueba marcada con el número 20, la denominada como inspección judicial, tomando en cuenta que, el artículo 297 del Código de Procedimientos Civiles establece que, el oferente de la prueba deberá determinar los puntos sobre los que versará dicha probanza, sin que así lo haya efectuado la parte oferente, pues sólo se limita a señalar los vínculos de las páginas web a inspeccionar, así como su descripción, pero no señala, de manera clara y precisa, cuáles son los puntos o cuestiones que deberán inspeccionarse, por lo que no se admite dicha prueba. Por lo que se refiere a la prueba marcada con el número 21, relativa a la PRUEBA DE RECONOCIMIENTO DE DOCUMENTO PRIVADO A CARGO DE VICTOR JORGE SALAMANCA SILVA, toda vez que no existe certeza sobre el domicilio en el cual habría de notificarse a dicha persona, para que se presente al desahogo de tal probanza, puesto que el oferente refiere que, por una parte, desconoce su domicilio y, por otra parte refiere que podría ser localizado en el domicilio que señala, por lo que, al no estar ofrecida dicha prueba conforme a derecho, no es dable su admisión. Respecto a la prueba marcada con el número 22, relativa al RECONOCIMIENTO DE DOCUMENTO PRIVADO A CARGO DE CARLOS DE SERPA PIMENTEL, no es de admitirse a trámite, pues refiere que el domicilio de dicho tercero se encuentra fuera de la jurisdicción de éste juzgado, sin embargo, no solicita, la ampliación del término probatorio, en términos de lo establecido por el artículo 300 del Código de Procedimientos Civiles. Por lo que se refiere a las demás probanzas, por tratarse de documentales, la presuncional en su doble aspecto y la instrumental de actuaciones, se admiten, en el entendido de que la marcada con el número 23 se trata de una impresión, la 24, 25, 27, 28, 29, 30 y 31, son copia simple y la marcada con el número 26 es una impresión a color. Por lo que se refiere al capítulo de requerimiento de documentos, señalado en su escrito de ofrecimiento de pruebas, no ha lugar a proveer de conformidad, toda vez que los mismos no fueron ofrecidos en términos de lo establecido por el artículo 95 fracción II del Código de Procedimientos Civiles, esto es, no manifestó, bajo protesta de decir verdad, las causas por las cuales no pudo presentar la documentación, tampoco señala el lugar dónde se ubican los mismos y, a mayor abundamiento, tomando en consideración que, la parte actora tienen la calidad de comerciantes, por tanto, no se pueden hacer pesquisas sobre los libros y documentos de éstos, en vitud de que se encuentra prohibido por la ley, por lo que no es dable el requerimiento de los documentos solicitados. Por lo que se refiere al ofrecimiento genérico de pruebas, lo que se refiere a que se tengan por ofrecidos los documentos aportados por la parte actora, como anexos en su escrito inicial de demanda, en su escrito de desahogo de vista con las excepciones y defensas, en lo que perjudique a las actoras y demuestre la improcedencia de la acción, ello será objeto de valoración y estudio en el momento procesal oportuno Y, para que tenga verificativo la audiencia de desahogo de pruebas, en especial la confesional ofrecida por la parte actora a cargo de demandado PAULO JENARO DIEZ GARGARI, se señalan las DIEZ HORAS DEL DÍA ONCE DE

NOVIEMBRE DE DOS MIL VEINTIUNO; para que tenga verificativo el desahogo de la prueba confesional a cargo delas actoras IFM INVESTORS PTY LTD y de la sociedad IFM GLOBAL INFRAESTRUCTURE FUND actuando a través de su Fiduciario CONYERS TRUST COMPANY (CAYMAN) LIMITED, CÍTESE PERSONALMENTE, así como la prueba de reconocimiento de contenido firma a su cargo, se señalan las DIEZ HORAS DEL DÍA DIECISÉIS DE NOVIEMBRE DE DOS MIL VEINTIUNO, y para la celebración de la audiencia de desahogo de los medios digitales, esto es, las memorias USB y Disco Compacto, ofrecida por la parte actora, se señalan las DIEZ HORAS DEL DÍA DIECIOCHO DE NOVIEMBRE DE DOS MIL VEINTIUNO, fechas que se señalan atendiendo a la carga de trabajo de éste juzgado, así como por así permitirlo la agenda de audiencias que aquí se lleva, las cuales habrán de prepararse como se encuentra ordenado en el contenido del presente acuerdo, con los apercibimientos aquí decretados. Proveído que se emite con esta fecha, con base base en el Acuerdo Volante V-31/2020, emitido el cinco de agosto de dos mil veinte por el Pleno del Consejo de la Judicatura de la Ciudad de México, en dónde se determinó la suspensión de términos procesales en las Salas Civiles y Familiares, Juzgados Civiles y Familiares de Proceso Escrito y Proceso Oral, así como en los Juzgados Civiles de Cuantía Menor, única y exclusivamente respecto de los días en que dichos juzgados laboran y desarrollan sus Actividades a Puerta Cerrada. Por otra parte, y por motivo de salud pública y la emergencia sanitaria COVID-19, ha resultado necesario adoptar medidas tendentes a preservar la salud, así como también hacer frente a la propagación y evitar contagios derivado de la pandemia declarada, y tomando en consideración el ya autorizado "Plan de Contingencia para el Poder Judicial de la Ciudad de México"; atendiendo a la circular número 15/2020 emitida por el Consejo de la Judicatura de la CDMX y en cumplimiento a lo ordenado en el acuerdo 27-17/2020 de fecha veinticinco de mayo de dos mil veinte, del cual se desprenden los "Lineamientos para la práctica de notificaciones electrónicas en materia Civil y Familiar de este H. Tribunal", en tal virtud, se invita a la parte actora y parte demandada para que en la siguiente actuación, proporcionen su correo electrónico, teléfono celular o cualquier otro medio para la recepción de mensajes de texto (SMS), aplicaciones de mensajería móvil (WhatsApp, Messenger, Telegram), lo anterior con la finalidad de dar cumplimiento al acuerdo antes pronunciado, y así estar en aptitud de llevar a cabo la práctica de las notificaciones que se ordene en autos.NOTIFÍQUESE.- Lo proveyó y firma el Ciudadano Licenciado FRANCISCO SERGIO LIRA CARREÓN, Juez Vigésimo Noveno de lo Civil, por ante su C. Secretaria de Acuerdos, Licenciada LUZ MARIANA GRANADOS GUTIÉRREZ, con quien actúa, autoriza y da fe. DOY FE. ---------------------------------------------------------------------------------------------------

---**Ciudad de México, a doce de agosto de dos mil veinte**. - - - A sus autos el escrito de cuenta y con el mismo así como con el anexo que se acompaña, se le tiene dando cumplimiento en tiempo con la prevención ordenada en auto de fecha seis del mes y año en curso, en consecuencia, se tiene por presentado a IFM GLOBAL INFRAESTRUCTURE FUND actuando a través de su fiduciaria CONYERS TRUST COMPANY (CAYMAN)LIMITED e IFM INVESTORS PTY LTD, actuando por conducto de su representante el C. ALFONSO RIVERA GAXIOLA, personería que acredita y se le reconoce en términos de los instrumentos notariales 159,924 y 159,925 que en copia certificada acompaña, como se pide, previo cotejo que con las copias simples que indica se realice, devuélvase sus originales, se tiene por señalado el domicilio para oír y recibir notificaciones, por facultados en términos del cuarto párrafo del artículo 112 del Código de Procedimientos Civiles, a los profesionistas que indica, quienes al momento de promover deberán justificar haber registrados sus cédulas profesionales en la Primera Secretaría de Acuerdos de la Presidencia de este H. Tribunal, apercibidos que para el caso de no hacerlo, perderán las facultades otorgadas en perjuicio del autorizante y únicamente tendrán las que se indican en el último párrafo de dicho artículo, por autorizadas a las demás personas que indica para los fines y efectos que se precisan. Se le tiene demandando en la vía ORDINARIA CIVIL de DIEZ GARGARI PAULO JENAROlas prestaciones que indica en su escrito inicial de demanda. Con fundamento en los artículos 256, 258, 259 y demás relativos y aplicables del Código de Procedimientos Civiles, se admite a trámite la demanda en la vía y forma propuestas. En consecuencia, con las copias simples exhibidas córrase traslado y emplácesele para que dentro del término de

QUINCE DÍAS conteste la demanda y oponga sus excepciones y defensas y se le prevenga para que señale domicilio de su parte para oír y recibir notificaciones dentro de esta jurisdicción, apercibida para que, en caso de no hacerlo, las subsecuentes notificaciones, aún las de carácter personal, le surtirán efectos por medio del Boletín Judicial. No ha lugar a publicar los acuerdos recaídos al presente juicio como "secretos", dada la naturaleza del mismo. Por otra parte, y con motivo de lo que acontece con la COVID-19, ha resultado necesario adoptar medidas tendentes a preservar la salud, así como también hacer frente a la propagación y evitar contagios derivado de la pandemia declarada, y tomando en consideración el ya autorizado "Plan de Contingencia para el Poder Judicial de la Ciudad de México"; atendiendo a la circular número 15/2020 emitida por el Consejo de la Judicatura de la CDMX y en cumplimiento a lo ordenado en el acuerdo 27- 17/2020 de fecha veinticinco de mayo de dos mil veinte, del cual se desprenden los "Lineamientos para la práctica de notificaciones electrónicas en materia Civil y Familiar de este H. Tribunal", en tal virtud, se invita a la parte actora y parte demandada para que en la siguiente actuación, proporcione su correo electrónico, teléfono celular o cualquier otro medio para la recepción de mensajes de texto (SMS), aplicaciones de mensajería móvil (WhatsApp, Messenger, Telegram, lo anterior con la finalidad de dar cumplimiento al acuerdo antes pronunciado, y así estar en aptitud de llevar a cabo la práctica de las notificaciones que se ordenen en autos. Ahora bien, atendiendo al ACUERDO VOLANTE V-31/2020 emitido el día cinco de agosto de la presente anualidad por el Consejo de la Judicatura, del cual se desprende que se determinó la "Suspensión de términos procesales en las Salas Civiles y Familiares, Juzgados Civiles y Familiares de Proceso Escrito y de Proceso Oral, así como los Juzgados Civiles de Cuantía Menor, única y exclusivamente respecto de los días en que dichos juzgados laboran y desarrollan sus actividades a puerta cerrada". En otro orden de ideas, en cumplimiento al Acuerdo 10-03/2012 emitido por el Pleno del Consejo de la Judicatura de la Ciudad de México, contenido en la Circular 06/2012, así como a lo establecido por el artículo 55 del Código de Procedimientos Civiles, en relación con los preceptos 3, 4, 5 y 6 de la Ley de Justicia Alternativa del Tribunal Superior de Justicia de la Ciudad de México "se hace del conocimiento de las partes que el Tribunal Superior de Justicia DE LA Ciudad de México, motivado por el interés de que las personas que tienen algún litigio cuenten con otra opción para solucionar su conflicto, proporciona los servicios de mediación a través de su Centro de Justicia Alternativa, donde se les atenderá en forma gratuita, la mediación no es asesoría jurídica. El Centro se encuentra ubicado en Av. Niños Héroes 133, colonia Doctores delegación Cuauhtémoc, D. F. Código postal 06500, con el teléfono 5134-11-00 exts. 1460 y 2362. Servicio de Mediación Civil Mercantil: 5207-25-84 y 5208- 33- 49. mediación.civil.mercantil@tsjcdmx.gob.mx. Servicio de Mediación Familiar: 5514-2860 y 5514-58- 22 mediación.familiar@tsjcdmx.gob.mx". Asimismo, en atención a los numerales 11 y 15 del Reglamento del Sistema Institucional de Archivos del poder Judicial de la Ciudad de México aprobado mediante Acuerdo General 22-02/2012, modificado por los Acuerdos 78-06/2012 y 82-06/2012 de fecha catorce de febrero del dos mil doce, emitidos por el Pleno del Consejo de la Judicatura de esta ciudad, se hace del conocimiento de las partes que una vez concluido el presente juicio transcurrido el termino de NOVENTA DÍAS NATURALES de la publicación que al efecto se lleve a cabo de dicho acuerdo, serán destruidos los documentos base o prueba, así como el expediente con los cuadernos que se hayan formado con motivo de la acción ejercitada, por lo que dentro del plazo concedido deberán acudir a la mayor brevedad posible a recoger los documentos exhibidos previa toma de razón y recibo que se deje en autos para constancia ante presencia del Secretario de Acuerdos.- NOTIFÍQUESE. Lo proveyó y firma el CIUDADANO LICENCIADO FRANCISCO SERGIO LIRA CARREÓN, JUEZ VIGÉSIMO NOVENO DE LO CIVIL, ANTE SU C. SECRETARIO DE ACUERDOS LICENCIADO JOSÉ ARTURO ÁNGEL OLVERA CON QUIEN ACTÚA, AUTORIZA Y DA FE.- DOY FE. ------------------------------------------------------------------------------------------------------

DOMICILIO DE AUTOMATTIC INC, DEBIENDO DIRIGIRSE LA PETICIÓN A CT CORPORATION SYSTEM: 330 N BRAND BLVD. GLENDALE, CALIFORNIA 91023-2336, EE. UU.

REPRESENTANTE: ALEJANDRO DEL CASTILLO RAMÍREZ.

Y PARA LO QUE POR MI MANDATO TENGA SU MÁS EXACTO Y FIEL CUMPLIMIENTO EN NOMBRE DE LA SOBERANÍA NACIONAL A USTED C. JUEZ, EXHORTO Y REQUIERO PARA QUE TAN PRONTO SEA EN SU PODER EL PRESENTE, SE SIRVA MANDARLO DILIGENCIAR EN SUS TÉRMINOS; SEGURO DE MI RECIPROCIDAD EN CASOS ANÁLOGOS. EN LA CIUDAD DE MÉXICO, A VEINTIUNO DE NOVIEMBRE DEL AÑO DOS MIL VEINTIDÓS. DOY FE.

**EL C. JUEZ VIGÉSIMO NOVENO DE LO CIVIL PROCESO ESCRITO DE LA CIUDAD DE MÉXICO.**

**JOSE LUIS DE GYVES MARÍN.**
**MAESTRO EN DERECHO**

**LA C. SECRETARIA DE ACUERDOS "B"**

**LICENCIADA LUZ MARIANA GRANADOS GUTIÉRREZ.**

