GEORGE P. VARGHESE (MA Bar No. 706861)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526 6524
Facsimile: (617) 526-5000
George.Varghese@wilmerhale.com

TAYLOR GOOCH (CA Bar No. 294282)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001
Taylor.Gooch@wilmerhale.com

*Attorneys for X Corp.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE TWENTY-NINTH CIVIL JUDGE FOR WRITTEN TRIALS OF THE SUPREME TRIBUNAL OF JUSTICE OF MEXICO CITY, MEXICO IN THE MATTER OF IFM GLOBAL INFRASTRUCTURE FUND, ET AL. v. PAULO JENARO DIEZ GARGARI | CASE NO.: 23-mc-80084-DMR<br><br>**X CORP.'S RESPONSE TO APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**<br><br>Date: April 20, 2023<br>Judge: Donna M. Ryu<br>Courtroom: 4 |

**X CORP.'S RESPONSE TO APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

X Corp., successor in interest to Twitter, Inc., hereinafter referred to as "Twitter," respectfully submits this response to the United States of America's *ex parte* application for discovery pursuant to 28 U.S.C. § 1782 ("1782 application"). *See* Docket No. 1.  On March 23,

2023, this Court issued an order requesting all parties, including Twitter, to provide its position on the government's 1782 application. *See* Order Re: Ex Parte Application For Discovery Pursuant to 28 U.S.C. § 1782, dated March 23, 2023, Ex. 1. However, following the Court's order, Mr. Diez Gargari, the defendant in the underlying Mexican litigation, submitted a letter to the Court and the parties alleging that the government's 1782 application was filed "based on false information contained in the Letters of Request" transmitted by the Mexican Judicial Authority. Twitter submits that these serious allegations of impropriety must be addressed prior to any resolution of the government's 1782 application. Accordingly, Twitter respectfully requests this Court stay Twitter's obligation to provide a position on the government's 1782 application pending resolution of Mr. Diez Gargari's allegations of impropriety in the Letters of Request.

## BACKGROUND

On February 27, 2023, Twitter received a letter from Assistant United States Attorney ("AUSA") Sapna Mehta of the United States Attorney's Office, Northern District of California, explaining that a court in Mexico City, Mexico, has requested assistance from the United States Department of Justice to obtain evidence from Twitter for use in a pending civil case, *IFM Global Infrastructure Fund v. Paulo Jenaro Diez Gargari*, Case Number 288/2020, DJ Reference Number: 189-1-23-1. *See* Letter from AUSA Sapna Metha, dated February 27, 2023, Ex. 2. In its request, the Mexican court sought records from Twitter regarding two accounts: @PDiezG and @AurorasResearch (the "Target Accounts"). According to the Mexican Letter of Request, the plaintiff in the case, IFM Global Infrastructure Fund ("IFM"), alleged that the defendant, Paulo Jenaro Diez Gargari ("Mr. Diez Gargari"), used the two Target Accounts to disseminate or promote false accusations that damaged the plaintiff's reputation. AUSA Mehta inquired whether Twitter would voluntarily provide records from the Target Accounts to the Mexican authorities.

On March 20, Twitter responded to the AUSA that the Stored Communications Act prohibited voluntary disclosure of the requested account information. instead, Twitter would only produce the requested records pursuant to a valid legal process. Accordingly, AUSA Mehta filed the above-referenced 1782 application, seeking to be appointed as a commissioner to serve Twitter with an administrative subpoena compelling disclosure of the requested information of the two Target

Accounts. On March 23, Chief Magistrate Donna Ryu issued the above-referenced order, requiring the parties to file a response to the 1782 application by April 20.

On March 28, Mr. Diez Gargari, the defendant in the Mexican court case, emailed a letter to the Court, the AUSA, and Twitter's outside counsel regarding the 1782 application. *See* Email and Letter from Paulo Diez Gargari, dated March 28, 2023, Ex. 3. In his letter, Mr. Diez Gargari stated that he identified "serious irregularities" in the Letters of Request that were issued by the Mexican court, which led to the filing of the 1782 application. Mr. Diez Gargari alleged that the 1782 application was filed "based on false information contained in the Letters of Request" and "the Letters of Request constitute an attempt by [Petitioner IFM] and [the Mexican court] to abuse the good faith of the authorities of the United States, in order to illegally benefit IFM." Mr. Diez Gargari asserted that "any actions intended to obtain information or documents based on the [1782 application] should be immediately suspended until the matters discussed in the attached letter have been appropriately investigated and clarified."

## LEGAL STANDARD

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *accord, e.g.*, *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."). To evaluate whether a stay is appropriate, courts consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

## ARGUMENT

Here, a stay of Twitter's response pending resolution of the Diez Gargari allegations is appropriate and necessary to ensure that Twitter not be compelled to take a position on the propriety of a U.S. government action based on false information. Moreover, resolving these allegations

regarding the government's 1782 application and underlying litigation would prevent abuse of resources and fraud on this Court.

**CONCLUSION**

For the foregoing reasons, Twitter respectfully requests that this Court stay its obligation to provide a position on the government's 1782 application pending resolution of the Diez Gargari allegations. If the Court declines Twitter's request to stay, Twitter respectfully opposes the United States' 1782 application until the Diez Gargari allegations can be investigated and resolved.

Dated: April 20, 2023                                         Respectfully submitted,

*/s/ Taylor Gooch*
Taylor Gooch
George P. Varghese
WILMER CUTLER PICKERING
   HALE AND DORR LLP

*Attorneys for X Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2023, I electronically filed the foregoing Motion to Stay with the Clerk of the court using the CM/ECF system, which distributed notification to all counsel of record.

Dated: April 20, 2023         /s/ Taylor Gooch
                              Taylor Gooch