1  **PERKINS COIE LLP**

2  Julie E. Schwartz, Bar No. 260624
   JSchwartz@perkinscoie.com
3  1201 3rd Ave. Ste. 4900
   Seattle, WA 98101
4  Telephone: 206.359.8000
   Facsimile:  206.359.9000
5
   Doris Alvarez-Reyes, Bar No. 340925
6  DAlvarezReyes@perkinscoie.com
   1888 Century Park East, Suite 1700
7  Los Angeles, CA 90067-1721
   Telephone: 310.788.9900
8  Facsimile:  310.788.3399

9  Attorneys for Non-Party
   GOOGLE LLC

10

                  UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12

13

14  IN RE: REQUEST FOR JUDICIAL        Case No. 23-mc-80084-DMR
    ASSISTANCE FROM THE TW,
15                                     **NON-PARTY GOOGLE LLC'S
                                       RESPONSE TO ORDER TO FILE
16                                     MAGISTRATE JUDGE CONSENT OR
                                       DECLINATION FORM**
17
                                       Judge:    Donna M. Ryu
18

19       Pursuant to the Court's Order dated March 23, 2023 (Dkt. 4), Non-Party Google LLC

20  ("Google") responds to Applicant United States's ("Applicant") Application Pursuant to 28

21  U.S.C. § 1782 for the Taking of Discovery for Use in a Foreign Proceeding ("Application").

22       Google understands that Applicant is seeking authorization to serve a subpoena on Google

23  in connection with litigation in Mexico. Google takes no position on the issuance of the subpoena,

24  but it reserves all rights and objections with respect to the subpoena if it does issue. *See, e.g.,*

25  *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 809 (9th Cir. 2022) ("*CPC*") (recognizing

26  that there may be subsequent motion to quash proceedings following the grant of a Section 1782

27  application); *In re Nagatsuki Ass'n*, No. 20-MC-80030-SVK, 2020 WL 887890, at *2 (N.D. Cal.

28

Feb. 24, 2020) ("orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued") (quotation omitted).

Indeed, even where non-parties have been served with Section 1782 applications, courts routinely recognize that non-parties may raise challenges to subpoenas *after* their issuance. *See, e.g., In re Ex Parte Application of Kakedzuka Mfg. Co., Ltd.*, Case No, 22-mc-80133-NC, Dkt. 11 (N.D. Cal. July 29, 2022) (granting Section 1782 application with consent of the parties but allowing provider and account holder a period of time to move to quash the subpoena following service); *In re Ex Parte Application of Team Co., Ltd.*, Case No. 22-mc-80183-VKD, Dkt. 14 (N.D. Cal. Sept. 7, 2022) (same); *In re Ex Parte Application of Medical Corporation Seishinkai*, Case No. 22-mc-80136-NC, Dkt. 12 (N.D. Cal. Sept. 8, 2022) (same).

Therefore, if the Court decides to grant the Application and allows the subpoena to issue, Google respectfully requests that the Court also order the following:

1. Within 10 calendar days of service of the subpoena and the order, Google may notify the account holders of the subpoena and order; and
2. Google and/or the account holder(s) shall have 21 days from the date of the notice to file a motion contesting the subpoena.

Should the subpoena issue, Google intends to meet and confer regarding the requests and, if necessary, seek intervention from the Court.

Dated: May 19, 2023

**PERKINS COIE LLP**

By: *s/ Julie E. Schwartz*
    Julie E. Schwartz
    Doris Alvarez-Reyes

Attorneys for Non-Party
GOOGLE LLC